RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

# ORIGINAL

NOV 0 1 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TWT

| | | |
|---|---|---|
| **MICHAEL L. MORGAN** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | |
| | : | **FILE NO.** _____ |
| | : | **1:10-CV-355 5** |
| **OCWEN LOAN SERVICING, LLC;** | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEMS, INC.;** | : | **JURY TRIAL DEMANDED** |
| **AND MERSCORP, INC.;** | : | |
| | : | |
| **Defendants.** | : | |

---

## VERIFIED PETITION AND COMPLAINT

Comes now, Michael L. Morgan, the petitioner and plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and hereby files this verified complaint against the defendant Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen"); the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"); and the defendant Merscorp, Inc. (hereinafter referred to as "Merscorp"); and would respectfully show this Honorable Court, as follows:

1

## PARTIES

1.

Plaintiff is a resident and citizen of the State of Georgia, and Plaintiff is the rightful owner of the property which is the subject of this action.

2.

Ocwen is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

3.

MERS is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

4.

Merscorp is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

## DIVERSITY JURISDICTION

5.

There is complete diversity in this action.

6.

The amount in controversy exceeds the statutory requirement.

## VENUE

7.

Plaintiff resides in the County of Fulton, State of Georgia.

8.

Venue is proper in the Atlanta Division.

## BACKGROUND

9.

Plaintiff applied for a residential mortgage loan from Guaranteed Rate, Inc. (hereinafter referred to as "Guaranteed Rate"), in the State of Georgia, the repayment of which was to be secured by the pledge of Georgia real property as set forth in a uniformly written deed to secure debt.

10.

The closing attorney prepared documents in accordance with closing instructions submitted to the closing attorney by Guaranteed Rate without any input from Plaintiff to said closing attorney.

11.

Plaintiff executed a promissory note in favor of Guaranteed Rate, but did not execute any deed to secure debt in favor of Guaranteed Rate.

3

12.

Plaintiff executed a deed to secure debt in favor of MERS; MERS had no

pecuniary interest in the loan transaction.

13.

Said deed to secure debt provides that MERS is the grantee of said

security deed, and that MERS is acting solely as nominee for the lender

(Guaranteed Rate) and the successors and assigns of said lender.

14.

Guaranteed Rate subsequently transferred the subject promissory note to

Taylor, Bean & Whitaker, Inc. (hereinafter referred to as "TBW"); on

information and belief, the subject deed to secure debt was transferred to

TBW, but said transfer did not comply with the requirements of Georgia law.

15.

Plaintiff initially made payments to Guaranteed Rate, but, after receiving

written notice of the assignment to TBW, Plaintiff made payments to TBW.

16.

Plaintiff gave written notice to Guaranteed Rate to send all statements and

notices to 110 Addison Court, Roswell, Georgia 30075; Guaranteed Rate,

TBW, and Ocwen sent all statements and notices to said address, until

4

Ocwen's attorneys, without any justification, mailed a foreclosure notice letter to the 911 address for the subject property, which is not a deliverable postal address.

17.

Upon said transfer to TBW, TBW became the servicer of the subject loan; the promissory note and beneficial interest in the security deed were subsequently transferred to a third party or third parties, but said transfers did not comply with the requirements of Georgia law.

18.

Said alleged transfer and any subsequent transfer were not entitled to an exemption from filing requirements under Georgia law, because the original lender, Guaranteed Rate, did not remain the servicer of said loan transaction.

19.

The deed to secure debt did not create any security interest in the subject property ab initio, because MERS had no pecuniary interest in the loan transaction.

20.

The deed to secure debt also did not create any security interest in the subject property ab initio, because the deed to secure debt was separated

from the promissory note ab initio.

21.

Furthermore, even if the deed to secure debt had initially been valid, it was separated from the promissory note, when the promissory note was negotiated to TBW, and remained separate when the promissory note was subsequently negotiated th a third party or third parties. As a consequence of said transfers, if there had been any security interest in the subject property, which is expressly denied, said security interest was destroyed.

22.

TBW was not exempt from filing requirements, but did not file any deed to secure debt in Pickens County, Georgia records, and did not pay the required fees for recording and stamps.

23.

On information and belief, TBW repeatedly made multiple transfers of the same promissory notes and mortgages to different parties, and Plaintiff therefore believes that TBW may have made multiple transfers of the promissory note which Plaintiff executed in favor of Guaranteed Rate and the beneficial interest in the subject security deed.

24.

TBW subsequently filed for bankruptcy, and servicing rights, but not

ownership of the underlying promissory notes and mortgages (including trust

deeds or security deeds, where applicable), were transferred to Ocwen.

25.

The subject promissory note was not negotiated to Ocwen by TBW or any

other party; OCWEN is not now, and never has been, the owner of, or the

holder of, said promissory note.

26.

On or about October 11, 2010, Plaintiff received an advertisement letter

from an attorney which stated that a foreclosure was pending against

Plaintiff, but Plaintiff had not received any written foreclosure notice, as

required under Georgia law.

27.

Plaintiff then expected to receive the required statutory notice from

Ocwen, but Plaintiff never received the required statutory notice, because

OCwen's attorneys sent it to the wrong address.

28.

Plaintiff subsequently reviewed the advertisements for foreclosure sales in

the official newspaper for Pickens County, Georgia, and discovered the advertisement for the sale of his property.

29.

Plaintiff then tried to contact the attorneys who had advertised the foreclosure sale, or employees of said law firm; however, the receptionist gave Plaintiff a telephone number which no one ever answered, even after Plaintiff waited on hold for long periods of time.

30.

Said receptionist subsequently told Plaintiff that the only telephone number she could provide to Plaintiff was the telephone number which no one ever answered. She said that she was sorry that no one answered the telephone.

30.

Said receptionist subsequently told Plaintiff that the only telephone number she could provide to Plaintiff was the telephone number which no one ever answered. She said that she was sorry that no one answered the telephone.

31.

On Friday, October 29, 2010, at about 3 P.M., Plaintiff finally talked to a

8

person, who confirmed that the statutory foreclosure notice had been sent to the wrong address; said employee or agent of Ocwen then said that Ocwen would nevertheless continue to proceed with the foreclosure on Tuesday, November 2, 2010, because the notice was sent to the property address contained in the security deed.

32.

Ocwen is not now, and never has been, the creditor of Plaintiff; furthermore, if Ocwen were a creditor of Plaintiff, which is expressly denied, Ocwen is not, and never has been, a secured creditor of Plaintiff.

33.

On information and belief, Ocwen does not have standing, is not a real party in interest, and is not entitled to pursue a foreclosure action, either nonjudicial or judicial, against Plaintiff.

34.

There is no party whatsoever who has standing, who is a real party in interest, or is entitled to pursue a foreclosure action, either nonjudicial or judicial, against Plaintiff or against Plaintiff's property, because no valid mortgage, trust deed or security deed exists with respect to the subject property.

9

35.

Any party claiming to be the owner or holder of the promissory note which Plaintiff executed in favor of Guaranteed Rate is a general, unsecured creditor.

36.

The arrangement set forth in the subject security deed would be an illegal trust, because it purports to convey legal title in the subject property to MERS, but beneficial title to the lender, and to the lender's successors and assigns.

37.

It would be illegal for MERS to serve as a corporate fiduciary, because it has not complied with Georgia law.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

38.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

39.

Plaintiff is entitled to a declaratory judgment that the deed to secure debt

10

which Plaintiff executed in favor of MERS is void  and should be cancelled of record.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

40.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

41.

Plaintiff is entitled to a temporary restraining order, enjoining Ocwen from proceeding with the nonjudicial foreclosure which is currently pending, and enjoining all defendants from pursuing foreclosure against the Subject Property, while this action is pending.

42.

Plaintiff is entitled to a preliminary injunction, enjoining Ocwen and all other defendants from pursuing foreclosure against the Subject Property, while this action is pending.

43.

Plaintiff is entitled to a permanent injunction, enjoining all defendants from pursuing foreclosure against the subject property.

11

## THIRD CAUSE OF ACTION

### (Cancellation of Deed to Secure Debt)

#### 44.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

#### 45.

Plaintiff is entitled to cancellation of all deeds to secure debt or purported assignments thereof on Pickens County, Georgia records.

#### 46.

The purported assignment of the subject Deed to Secure Debt to Ocwen is fraudulent, because MERS could not be the grantee of a valid mortgage, security deed or trust deed, because MERS expressly was named as only being a nominee. MERS had no pecuniary interest in the subject loan transaction.

#### 47.

Defendants all repeatedly engaged in conduct which is tortious, fraudulent, unconscionable, and a breach of contract.

12

48.

All defendants have unclean hands and would not be entitled to equitable relief, should any of said defendants seek equitable relief, such as a judicial foreclosure.

49.

Plaintiff is entitled to a cancellation of any and all deeds to secure debt, and any and all purported assignments thereof, on Pickens County, Georgia records.

## FOURTH CAUSE OF ACTION

### (Slander of Title)

50.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

51.

The ownership interest of Plaintiff is not subject to the subject Security Deed, and the purported assignment thereof, pursuant to which the Plaintiff is attempting to foreclose against the Subject Property.

52.

The Plaintiff has publicly advertised the Subject Property for foreclosure

13

sale.

53.

The Security Deed which is the subject of this action and the purported

assignment thereof are a cloud upon Plaintiff's title to the subject Property.

54.

The cloud on title prevents Plaintiff from having the full enjoyment of his

property and from exercising his rights with respect to the Subject Property,

including his right to sell the same, if he so desires, or to obtain mortgage

loans secured by the Subject Property.

55.

Plaintiff is entitled to damages for slander of title.

## FIFTH CAUSE OF ACTION

### (Quiet Title)

56.

Plaintiff incorporates herein each and every allegation stated above, as

fully as if repeated verbatim herein.

57.

Both the Security Deed which is the subject of this action and the

14

purported assignment thereof are a cloud upon Plaintiff's title to the subject Property.

58.

The cloud on title prevents Plaintiff from having full enjoyment of his property and from exercising his rights with respect to the Subject Property, including his right to sell the same, if he so desires, or to obtain a mortgage loan secured by the Subject Property.

59.

Plaintiff is entitled to quiet title with respect to the Subject Property, including an order cancelling all Deeds to Secure Debt recorded against the subject property, and all related assignments thereof which are recorded on Pickens County, Georgia, records.

## SIXTH CAUSE OF ACTION

### (Wrongful Foreclosure)

60.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

61.

Ocwen published a Notice of Sale under Power of the subject property in

15

the official newspaper for Pickens County, Georgia.

62.

Plaintiff does not know whether Ocwen prepared or attempted to deliver a
foreclosure notice, in accordance with the requirements of O.C.G.A. Section
162.1, et seq., because Plaintiff never received the required statutory notice.

63.

Ocwen is only a servicer of the subject loan transaction and is not entitled
to pursue a foreclosure action, whether nonjudicial or judicial, because
Ocwen has no pecuniary interest in the underlying promissory note, does not
have standing, and is not a real party in interest.

64.

All security deeds, and all purported assignments thereof, with respect to
the subject property are void, and the purported assignment thereof from
MERS to Ocwen is fraudulent, because Guaranteed Rate had previously
transferred the underlying promissory note to TBW, and MERS did not then,
or at any time, hold title to any valid security deed, and had no authority or
right to transfer any such instrument.

65.

Plaintiff  suffered damages as a result of the nonjudicial foreclosure

proceeding, including emotional distress, slander of title, expenses, and other damages, as well as attorney's fees, if Plaintiff is required to retain counsel.

66.

Plaintiff is entitled to damages, both actual and exemplary, for wrongful foreclosure, in an amount to be determined by a jury, attorney's fees, and expenses of action.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

67.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

68.

The acts of the defendants which are recited hereinabove constitute an outrage.

69.

Plaintiff has suffered emotional distress and other injuries as a consequence of said acts.

70.

Plaintiff is entitled to damages, both actual and exemplary, for intentional

17

infliction of emotional distress.

## **EIGHTH CAUSE OF ACTION**

### **(Negligence)**

#### 71.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

#### 72.

The defendants had a duty to act in a fair and reasonable manner when dealing with Plaintiff with respect to all issues related to the subject Security Deed, whether said Security is enforceable, which is expressly denied, or not.

#### 73.

The defendants committed tortious and unconscionable acts towards Plaintiff, continuing up to the present time.

#### 74.

Said tortuous and unconscionable acts include, but are not limited to, the following:

(a) Trying to enforce a deed to secure debt which the defendants knew, or should have known, is void and unenforceable;

18

(b) Making a fraudulent assignment to Ocwen for the purpose of pursuing the instant nonjudicial foreclosure action;

(c)  Giving notice of default to Plaintiff based on a void security deed;

(d)  Accelerating the loan, based on a void security deed;

(e) Pursuing a nonjudicial foreclosure, based on a void security deed;

(f) Placing a Notice of Sale under Power advertisement in the official newspaper for Pickens Couny, Georgia, based on a void security deed, and a fraudulent assignment thereof;

(g) Pursuing a nonjudicial foreclosure sale without mailing or delivering a copy of the foreclosure sale notice to Plaintiff; and

(h) Pursuing a nonjudicial foreclosure sale based on a notice which does not identify the owner or holder of the promissory note.

75.

The commission of such acts constitutute negligence, and such negligence was wilful, wanton, and grossly negligent.

19

76.

Plaintiff suffered injuries as a consequence of such actions, to include, but

not limited to, emotional distress; slander of title; inability to exercise the full

enjoyment of his property, including the right to sell said property or enter

into mortgage loan transactions; and attorney's fees and other costs.

77.

Plaintiff is entitled to damages, both actual and exemplary, as a

consequence of such actions.

## NINTH CAUSE OF ACTION

### (Racketeer Influenced and Corrupt Organizations Act)

78 .

Plaintiff incorporates herein each and every allegation stated above, as

fully as if repeated verbatim herein.

79.

Plaintiff has committed at least two acts of racketeering activity, both of

which occurred after the effective date of the Racketeer Influenced and

Corrupt Organizations Act., 18 U.S.C. Sections 1961-1968, and the last of

which occurred within ten years after the commission of the prior

racketeering activity.

80.

Said racketeering activity includes fraud by the Plaintiff, including, but not limited to, the following acts:

(a)  Obtaining mortgages, security deeds and trust deeds which named MERS as the grantee thereof, when MERS had no pecuniary interest in the transaction;

(b)  Recording fraudulent mortgages, security deeds and trust deeds;

(c)  Creating fraudulent assignments of mortgages, security deeds and trust deeds;

(d)  Recording fraudulent assignments of mortgages, security deeds and trust deeds;

(e)  Mailing fraudulent notices of foreclosure letters;

(f)  Making fraudulent sales of properties allegedly subject to mortgages, security deeds and trust deeds which were void;

(g)  Advertising properties for sale under mortgages, security deeds and trust deeds which were void;

(h)  Violating the Real Estate Settlement Procedures Act, 12 U.S.C.

21

Section 2601 et seq.;

(i) Violating the Truth in Lending Act, 15 U.S. C. Section 1601 et seq.; and

(j) Pursuing judicial foreclosures based on mortgages, security deeds and trust deeds which were void;

81.

Plaintiff suffered injuries as a consequence of said fraudulent acts.

82.

Plaintiff is entitled to an award trebling the amount of actual damages.

22

This 1st day of November 2010.

Respectfully submitted,

MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

## **VERIFICATION**

Personally appeared before me, Michael L. Morgan, who first being duly

sworn, deposes and says that he is the Petitioner-Plaintiff in the above-

entitled  action, that he prepared and has read the foregoing verified petition

and complaint, that he has personal knowledge of the allegations contained

therein, except those based on information and belief, that the allegations

which are based on personal lnowledge are true, and that he believes that the

allegations based upon information and belief are true.

Further affiant sayeth not.

MICHAEL L. MORGAN
Petitioner and Plaintiff
Pro se

Sworn to before me,
This 1st day of November 2010.

NOTARY PUBLIC
My commission expires Jun 8, 2011
(Notary Seal)

LESLIE L CRONK
Notary Public
Forsyth County
State of Georgia
My Commission Expires Jun 8, 2011

27