IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | FILE NO. _____ |
| OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND MERSCORP, INC.; | 1:10-CV-3555 |
| Defendants. | |

## REQUEST FOR TEMPORARY RESTRAINING ORDER

Comes now, Michael L. Morgan, the Petitioner-Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and hereby files this request for an immediate order for a temporary restraining order, pursuant to Local Rules 7.5 and 65, against defendant Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen"). This is a request for a temporary restraining order which would enjoin Ocwen from selling by foreclosure sale that certain real property which is owned by Plaintiff under the alleged claim that Ocwen has a power of sale contained in a security deed given by

1

6.

The purported assignment of the subject promissory note (which was never owned nor held by MERS) as part of the alleged assignment of the the subject security deed to Ocwen by MERS is void, because promissory notes are only negotiated by endorsement and delivery.

7.

The subject security deed is also void ab initio, because, by conveying legal title to MERS, while conveying all beneficial rights to the "Lender," the subject security deed would create an illegal trust; MERS (and Ocwen) cannot legally act as corporate fiduciaries in the State of Georgia.

8.

The subject security deed is also void ab initio, because, by conveying legal title to MERS, while conveying all beneficial rights to the "Lender," the subject security deed would create an illegal trust; MERS (and Ocwen) cannot legally act as corporate fiduciaries in the State of Georgia.

9.

A void security deed cannot be assigned and conveys no rights to the purported assignee.

10.

Ocwen claims to that security deed was assigned to Ocwen by MERS as a nominee for Guaranteed Rate, Inc., but Guaranteed Rate, Inc., held no interest beneficial or otherwise, at the time of said assignment.  If said security deed was not void ab initio, which is expressly denied, the beneficial interest therein was transferred to a third party by Guaranteed Rate, Inc., shortly after the closing on November 27, 2007.

11.

The MERS system specifically violates Georgia law, which requires all transfers of security deeds to be done with the formality required for deeds. Notations in MERS electronic records do not satisfy this requirement.

12.

The handling of the subject security deed also violates Georgia law, because it is not entitled to exemption from recording on the county property records, because Guaranteed Rate, Inc., the original lender, did not continue as the servicer of the loan.

13.

For all the reasons stated above, Ocwen cannot fairly exercise the power of sale, thus violating the statutory duty created by O.C.G.A. Section 23-2-114; and

5

Ocwen and its attorneys know that Ocwen cannot fairly exercise the power of sale.

14.

Plaintiff has a substantial likelihood of success on the merits.

15.

Plaintiff would suffer irreparable harm if a temporary restraining order is not granted.

16.

Plaintiff requests that the time requirements of LR 7.1 be waived for good cause shown herein, pursuant to LR 7.2B and LR 65.2. This matter requires an expedited hearing because the defendant Ocwen intends to sell the subject property on Tuesday, November 2, 2010, despite the fact that said defendant has not served the required statutory notice and is not the holder of a valid security deed.

This motion is supported by a verified complaint, together with a memorandum addressing the relevant facts and law.

This 1st day of November 2010.

                                                Respectfully submitted,

                                                */s/ Michael L. Morgan*
                                                MICHAEL L. MORGAN
                                                Petitioner-Plaintiff
                                                Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694