RECEIVED IN CLERK'S OFFICE
Atlanta

NOV 01 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : FILE NO. |
| | : 1:10-CV-3555 |
| OCWEN LOAN SERVICING, LLC; | : |
| MORTGAGE ELECTRONIC | : |
| REGISTRATION SYSTEMS, INC.; | : |
| AND MERSCORP, INC.; | : |
| | : |
| Defendants. | : |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC

Michael L. Morgan, the Petitioner-Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), filed a request for an immediate order for a temporary restraining order, pursuant to Local Rules 7.5 and 65, against defendant Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen"). Plaintiff requested that the temporary restraining order would enjoin Ocwen from selling by foreclosure sale that certain real property which is owned by Plaintiff under the alleged claim that Ocwen has a power of sale contained in

1

a security deed given by Plaintiff to Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"), dated November 27, 2007, and allegedly assigned to Ocwen on June 24, 2010, on the following grounds. After reviewing the matter, the Court has determined that the temporary restraining order should be granted.

Reasons for granting the temporary restraining order include the following:

## FINDINGS OF FACT

1.

It appears that Ocwen has not given the notice required under O.C.G.A. Section 162.2, because Ocwen did not mail the notice to the last address specified in writing to Guaranteed Rate, Inc., the original lender. It appears that this address was consistently used by Guaranteed Rate, Inc.; by Taylor, Bean & Whitaker, the subsequent servicer of the subject loan; and by Ocwen, the current servicer of the loan. The sole exception to the use of said address is in the statutory foreclosure notice, prepared and mailed by Ocwen's attorneys, which was not even mailed to a deliverable postal address.

2.

It appears that the notice required under O.C.G.A. Section 162.2 is fatally

defective, because it does not name any party who is a secured creditor of Plaintiff; the assertion in said notice that Ocwen, which is only the servicer of the loan, is a secured creditor of Plaintiff appears to be false.

3.

It appears that Ocwen is not a "Lender," as defined in the subject security deed, and was not appointed as an attorney-in fact for Plaintiff in said security deed, which appointment was made only to a "Lender."

4.

It also appears that Plaintiff has a substantial likelihood of success on the merits with respect to Plaintiff's claim that the security deed granted to MERS is void for various reasons.

5.

It also appears that Ocwen has not acted fairly with respect to Plaintiff when he requested that they cancel the pending foreclosure sale.

6.

It also appears that Plaintiff would suffer irreparable harm, if Ocwen were allowed to proceed with the foreclosure sale.

## CONCLUSIONS OF LAW

7.

Ocwen has not complied with the requirements set forth in O.C.G.A. Section 44-14-162 et seq. for nonjudicial foreclosures and therefore should be enjoined from pursuing the same against Plaintiff.

8.

Plaintiff is likely to prevail on the merits in establishing that the security deed and the assignment thereof to Ocwen are void and that Plaitiff would therefor be entitled to permanent injunctive relief and other relief sought in the Petition and Complaint herein.

9.

Plaintiff would suffer irreparable harm if the foreclosure sale is allowed to proceed against Plaintiff and his property.

10.

Plaintiff is entitled to the temporary restraining order which he seeks in this request.

## ORDER

IT IS THEREFORE ORDERED THAT defendant Ocwen Loan Servicing, LLC, should be, and said defendant hereby is, enjoined from selling that certain

real property which belongs to Plaintiff and is located in the County of Pickens, State of Georgia, at the place specified under Georgia law for foreclosure under its claim of power of sale at any time on Tuesday, November 2, 2010.

A hearing will be held as soon as practicable to determine if a preliminary injunction should be issued by this Court.

AND IT IS SO ORDERED.

This 1st day of November 2010.

_____<br>
United States District Judge<br>
Northern District of Georgia