**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 1 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | | |
|---|---|---|
| **MICHAEL L. MORGAN** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | |
| | : | **FILE NO.** _____ |
| | : | |
| **OCWEN LOAN SERVICING, LLC;** | : | 1:10-CV-3555 |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEMS, INC.;** | : | |
| **AND MERSCORP, INC.;** | : | |
| | : | |
| **Defendants.** | : | |

---

## MOTION FOR IMMEDIATE ORDER FOR PRELIMINARY INJUNCTION

Comes now, Michael L. Morgan, the Petitioner-Plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and hereby files this motion for an immediate order for a preliminary injunction, pursuant to Local Rules 7.5 and 65, against defendant Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen"). This motion requests a preliminary injunction which would enjoin said defendant from selling by foreclosure sale that certain real property which is owned by Plaintiff under the alleged claim that

1

Ocwen has a power of sale contained in a security deed given by Plaintiff to Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"), dated November 27, 2007, and allegedly assigned to Ocwen on June 24, 2010, on the following grounds:

1.

Ocwen has not given the notice required under O.C.G.A. Section 162.2, because Ocwen did not mail the notice to the last address specified in writing to Guaranteed Rate, Inc., the grantee of the subject security deed, which is the address which was consistently used by Guaranteed Rate, Inc.; by Taylor, Bean & Whitaker, the subsequent servicer of the subject loan; and by Ocwen, the current servicer of the loan; with the sole exception of the required foreclosure notice, which was not even mailed to a deliverable postal address.

2.

The notice required under O.C.G.A. Section 162.2 is fatally defective, because it does not name any party who is a secured creditor of Plaintiff; the assertion in said notice that Ocwen, which is only the servicer of the loan, is a secured creditor of Plaintiff is false, and Ocwen and its attorneys know that such assertion is false.

2

3.

Ocwen is not a "Lender," as defined in the subject security deed, and was not appointed as an attorney-in fact for Plaintiff in said security deed, which appointment was made only to a "Lender." The alleged assignment of said security deed to Ocwen by MERS cannot confer any greater rights and powers upon Ocwen than those possessed by MERS, which is not a "Lender" under said security (and thus was not appointed as an attorney-in-fact by Plaintiff).

4.

The state courts of last resort that have reviewed the form of the mortgages, tust deeds and security deeds which have been used to purportedly convey legal title only to MERS, solely as a nominee, have consistently ruled that such mortgages, trust deeds and security deeds are void.

5.

The security deed under which Ocwen claims to have a power of sale is void ab initio, because no promissory note has ever been executed in favor of or negotiated to MERS, the grantee under said security deed; Plaintiff only executed a promissory note in favor of Guaranteed Rate, Inc., which was subsequently transferred to third parties. Any claim that Ocwen is the owner or holder of said promissory note is false, and Ocwen and its attorneys know that said claim is false.

10.

Ocwen claims to that security deed was assigned to Ocwen by MERS as a nominee for Guaranteed Rate, Inc., but Guaranteed Rate, Inc., held no interest beneficial or otherwise, at the time of said assignment. If said security deed was not void ab initio, which is expressly denied, the beneficial interest therein was transferred to a third party by Guaranteed Rate, Inc., shortly after the closing on November 27, 2007.

11.

The MERS system specifically violates Georgia law, which requires all transfers of security deeds to be done with the formality required for deeds. Notations in MERS electronic records do not satisfy this requirement.

12.

The handling of the subject security deed also violates Georgia law, because it is not entitled to exemption from recording on the county property records, because Guaranteed Rate, Inc., the original lender, did not continue as the servicer of the loan.

13.

For all the reasons stated above, Ocwen cannot fairly exercise the power of sale, thus violating the statutory duty created by O.C.G.A. Section 23-2-114; and

5

Ocwen and its attorneys know that Ocwen cannot fairly exercise the power of sale.

14.

Plaintiff has a substantial likelihood of success on the merits.

15.

Plaintiff would suffer irreparable harm if a preliminary injunction is not granted.

16.

Plaintiff requests that the time requirements of LR 7.1 be waived for good cause shown herein, pursuant to LR 7.2B and LR 65.2.  This matter requires an expedited hearing because the defendant Ocwen intends to sell the subject property on Tuesday, November 2, 2010, despite the fact that said defendant has not served the required statutory notice and is not the holder of a valid security deed.

17.

Plaintiff will give notice of the date, hour and nature of the conference sought, pursuant to LR 7.2B, as soon as the meeting is scheduled.

This motion is supported by a verified complaint, together with a memorandum addressing the relevant facts and law.

This 1st day of November 2010.

Respectfully submitted,

MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

7