ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 26 2010

JAMES N. HATTEN, Clerk

By: _____ DEPUTY CLERK

| | | |
|---|---|---|
| **MICHAEL L. MORGAN** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| | : | |
| **vs.** | : | |
| | : | **1:10-CV-03555-TWT** |
| | : | |
| **OCWEN LOAN SERVICING, LLC;** | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEMS, INC.;** | : | |
| **AND MERSCORP, INC.;** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S INITIAL DISCLOSURES

1.

## CAUSES OF ACTION

The causes of action being filed include (a) declaratory judgment, (b)

injunctive relief, (c) cancellation of deed to secure debt, (d) slander of title,

(e) quiet title, (f) wrongful foreclosure, (g) intentional infliction of emotional

distress, (h) negligence, and (i) Racketeer Influenced and Corrupt

Organizations Act.

## **FACTUAL OUTLINE OF CASE**

The facts of this case involve a residential mortgage loan transaction
which Plaintiff entered into with Guaranteed Rate, Inc. (hereinafter referred
to as "Guaranteed Rate"), on November 27, 2007. A promissory note was
granted to Guaranteed Rate, Inc., and a deed to secure debt was signed by
Plaintiff, naming the grantee as Mortgage Electronic Registration Systems,
Inc, (hereinafter referred to as "MERS"), as nominee for Guaranteed Rate,
Inc., but the persons who signed as unofficial witnesses were not present
when Plaintiff signed the security deed.

The promissory note and the security deed were subsequently transferred
several times to different parties, but these transfers did not comply with the
requirements of Georgia law. The first transfer was to Taylor, Bean &
Whitaker, Inc. (hereinafter referred to as "TBW"). Plaintiff does not
presently know the identity of the parties to whom the promissory note and
security deed were subsequently transferred, but believes that one of the
transferees may have been the Federal Home Loan Mortgage Corporation
(commonly known as "Freddie Mac"). Plaintiff also believes that the
mortgage loan transaction was securitized, which would mean that it would
have been transferred at least three times, in addition to the intitial transfer to

2

TBW.

The servicing rights for the mortgage loan transaction were initially transferred to TBW, which engaged in predatory servicing practices, including the failure to apply mortgage payments properly. TBW is also known to have transferred some mortgage loans multiple times.

After TBW filed for bankruptcy, the servicing rights were transferred first to Cenlar, FSB, d/b/a Central Loan Administration & Reporting ("Cenlar"). The servicing rights were later transferred to Ocwen Loan Servicing, LLC ("Ocwen"). Both Cenlar and Ocwen engage in predatory servicing practices, including failing to properly account for mortgage payments. Ocwen's predatory practices with respect to Plaintiff include forced insurance placement, when Plaintiff already had the property insured at a much lower rate with USAA.

Plaintiff does not believe that the transfers of the promissory note complied with either the Uniform Commercial Code, as enacted by Georgia, or agreements entered into by the parties, which would be stricter than the UCC, in that they typically require at least two special endorsements to bankruptcy-remote entities, generally referred to as a "warehousing lender" and a "depositor." In a securitized transaction, there would also be a transfer

3

to a trust, which is governed by a pooling and servicing agreement ("PSA").

Plaintiff does not believe that the transfers of the security deed complied with Georgia law, which requires that each transfer be executed with the formality of a deed. The transfers definitely did not comply with the recording requirements of Georgia law, which requires that transfers be recorded when the originating lender does not remain the servicer of the mortgage loan transaction.

Under Georgia law, all of the transfers of the security deed would have to be duly executed and recorded, prior to any sale by foreclosure.

In the instant case, the defendants have forged a fraudulent assignment from MERS, as nominee for Guaranteed Rate, to Ocwen. This fraudulent assignment claims to transfer the security deed, at a time when neither MERS nor Guaranteed Rate had any interest whatsoever in the security deed. The fraudulent assignment also purports to transfer the promissory note, when MERS never had any interest whatsoever in the promissory note. Even if one assumes, for the purposes of argument, that a deed naming MERS as a nominee for another party is valid (which Plaintiff denies), MERS, as a nominee simply cannot have any rights greater than those of its nominee, and, in this case, the nominee, Guaranteed Rate, transferred all of its interests

4

in the mortgage loan transaction by February 2008.

Ocwen is not a secured creditor of Plaintiff, since Ocwen has no interest whatsoever in the subject promissory note or the subject security deed, its entire claim being based on an assignment which is obviously fraudulent. Thus, Ocwen clearly has no right to pursue a foreclosure sale against Plaintiff.

## STATEMENT OF LEGAL ISSUES

The legal issues involved in this case include the validity of the MERS claim its electronic recording system is legally sufficient for valid transfers of deeds to secure debt between MERS members. The question is not whether MERS may act as a nominee for one of its members, but whether transfers between its members must comply with the requirements of state laws governing such transfers. And it is important here to remember that we are dealing with a security deed, not a mortgage or a deed of trust. This matter is controlled by cases and statutes that apply to security deeds, not by cases and statutes that apply to mortgages and trust deeds. The subject security deed and the handling of it by the various parties must be judged by applicable Georgia law governing the validity of real property deeds and transfers of real property. And, of course, it must be remembered that it is controlled by

5

Georgia law governing Georgia real property, not the laws of some other jurisdiction.

With respect to the deed to secure debt, the legal issues in this case include whether there has been compliance with the Georgia requirements (a) that all transfers of security deeds must be executed with the formality required for deeds, (b) that, where the originating lender does not remain the servicer of the mortgage loan and where there are multiple servicers, the chain of title must be recorded, (c) that the recordation of the complete chain of title must be completed prior to any foreclosure sale, and (d) that the foreclosure sale must be pursued in the name of a secured creditor.

With respect to the promissory note, the legal issues in this case include (a) whether there has been compliance with the Uniform Commercial Code, as enacted by Georgia, and, (b) if some of the parties have contracted not to require compliance with the UCC, whether they have complied with the requirements of their contract.

With respect to Ocwen, the legal issues include (a) whether a security deed can be assigned by a party who has no interest in the security deed at the time of the assignment, (b) whether the assignment of a security deed can be retroactive, (c) whether the alleged assignment of the security deed (and

6

promissory note) was duly executed, (d) whether a promissory note can be assigned by a party who never had any interest whatsoever in the promissory note, (e) whether the promissory note must be endorsed in accordance with UCC requirements, and (e) whether the assignment of a promissory note can be retroactive.

2.

## STATUTES AND CODES

O.C.G.A. Section 44-14-64 governs the transfer, execution and recording of deeds to secure debt. This code section also contains provisions that apply to certain financial institutions where the recording of subsequent transfers would not be required (except prior to a foreclosure sale, which is governed by another provision).

O.C.G.A. Section 44-14-160 et seq. governs foreclosures under a power of sale. Section 44-14-162 requires that the transfer of the security deed to the secured creditor must be recorded duly recorded prior to the time of sale. Section 44-14-162.2 requires that the notice of foreclosure sale must be given by the secured creditor and other requirements for the notice.

The Racketeer Influenced and Corrupt Organizations Act is found at 18

7

U.S.C. Sections 1961-1968. It applies here because the defendants committed at least two acts of racketeering activity within a ten-year period. As a consequence, damages must be trebled.

The Real Estate Settlement Procedure Act, 12 U.S.C. Sections 2601 et seq., applies to this mortgage loan transaction.

The Truth in Lending Act, 15 U.S.C. Sections 1601 et seq., also applies to this mortgage loan transaction.

The defendants have acted in bad faith, have been stubbornly litigious, and have put Plaintiff to unnecessary trouble and expense, so Plaintiff is entitled to an award of attorney's fees, pursuant to O.C.G.A. Section 13-6-11.

## CASES

Every state supreme court that has looked at the issue has ruled that, despite the boilerplate language (like that used in the subject security deed), MERS is not a mortgagee or a deed of trust beneficiary. MERS, Inc., v. Southwest Homes of Arkansas, 301 S.W.3rd 1 (2009).

The Kansas Supreme Court refused to allow MERS to set aside a first mortgagee's default judgment in a foreclosure action. Landmark Nat. Bank v. Kesler, 216 P.3rd 158 (Kan.2009).

The Supreme Court of Maine ruled that "MERS is not a mortgagee, . . . ,

8

because it has no enforceable right in the debt obligation securing the

mortgage." <u>MERS, Inc., v. Saunders</u>, Slip Op. 2010 ME 79 at p. 1 (August

12, 2010).

Appellate courts in Missouri have challenged MERS's ownership claims

for mortgages tracked on its mortgage registration system. <u>Bellistri v. Ocwen</u>

<u>Loan Servicing, LLC</u>, 284 S.W.3rd 619 (Mo.App.E.D. 2009).

3.

## WITNESSES

A list of witnesses for whom Plaintiff currently knows the name who may

have discoverable information is attached hereto as Attachment A.

4.

## EXPERT WITNESSES

Plaintiff does not currently know the name of any persons which may be

used at trial as expert witnesses.

5.

## DOCUMENTS

A document list is attached hereto as Attachment C.

6.

## DAMAGES ANT RELIEF SOUGHT

The categories of damages include actual damages, punitive damages, the trebling of damages under the Racketeer Influenced and Corrupt Organizations Act, attorney's fees (if an attorney is retained), and the expenses of litigation.  Damages would be in amount determined by a jury. Plaintiff does not currently have a computation of damages.

The relief sought herein includes declaratory judgment, injunctive relief, and quiet title.

7.

Plaintiff does not know what insurance agreements, if any, that the defendants may have to satisfy the judgment entered in this matter.

8.

There are no persons who have a subrogation interest in any of Plaintiff's causes of action.

10

This 25th day of November 2010.

Respectfully submitted,

MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

ATTACHMENT A

**LIST OF WITNESSES**

1.  Mary Kathryn Davis, address unknown: information about closing and notarization of closing documents.

2.  Linda H. Latorre, address unknown: information about notarization of closing documents.

3.  Scott W. Anderson, address unknown: information about purported signature on fraudulent assignment of deed to secure debt.

4.  Jonathan Burgess, address unknown: information about purported signature on fraudulent assignment of deed to secure debt.

5.  Jaice Valverde, address unknown: information about purported signature on fraudulent assignment of deed to secure debt, and information about the preparation of that fraudulent document.

6.  Elsie Ramirez, address unknown: information about purported notarization of fraudulent assignment of deed to secure debt.

7.  Kent E. Altom, Esq.; McCalla & Raymer, Six Concourse Parkway, Suite 2800, Atlanta , Georgia 30328.

8.  Scott B. Kuperberg; Weissman, Nowack, Curry & Wilco, PC; One Alliance Center – 4th Floor, 3500 Lenox Road, Atlanta, Georgia 30326.

## ATTACHMENT C

## **LIST OF DOCUMENTS**

All documents listed below are located at 110 Addison Court, Roswell, Georgia 30075.

1. Warranty Deed, dated November 27, 2007, from Frankie C. Marshall to Michael L. Morgan.

2. Promissory Note from Michael L. Morgan to Guaranteed Rate, Inc., dated November 27, 2007.

3. Deed to Secure Debt from Michael L. Morgan to Mortgage Electronic Registration Systems, Inc., as nominee for Guaranteed Rate, Inc., dated November 27, 2007.

4. Various notices from Taylor, Bean and Whitaker, Inc., to Michael L. Morgan.

5. Various notices from Central Loan & Recording to Michael L. Morgan.

6. Various notices from Ocwen Loan Servicing to Michael L. Morgan.

7. Various closing documents for subject mortgage loan transaction, dated November 27, 2007.

8. Notice of Sale under Power, published by Ocwen Loan Servicing, LLC, in the Pickens County Progress.

9. Notice of Lis Pendens for the subject property, filed in Pickens County,

Georgia, real estate records, at 8:30 a.m., on Tuesday, November 2, 2010.