# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC, )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC., )<br>and MERSCORP, INC., )<br>)<br>    Defendants. )<br>_____) | CIVIL ACTION FILE NO.<br><br>1:10-CV-03555-twt |

## DEFENDANTS' PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action:

Defendants provide the following description of the nature of the action:

Plaintiff has alleged nine (9) causes of action in the Complaint, all of which essentially arise from the same two (2) core allegations. First, Plaintiff alleges that Ocwen Loan Servicing, LLC ("Ocwen") did not comply with Georgia law in providing notice of the foreclosure sale because the notice was not sent to the alternative address that Plaintiff had provided to Guaranteed Rate, Inc ("Guaranteed Rate"). Second, Plaintiff alleges Ocwen cannot properly accelerate

the debt and foreclose upon the subject property because the Plaintiff executed the subject Note[1] in favor of Guaranteed Rate and the subject Security Deed in favor of Mortgage Electronic Registration System, Inc. ("MERS"), as nominee for Guaranteed Rate, its successors and assigns and, therefore, the subject Security Deed and the subject Assignment are somehow void.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Defendants provide the following facts of this case:

On November 27, 2007, Plaintiff obtained a mortgage loan from Guaranteed Rate in the original principal amount of EIGHTY SEVEN THOUSAND AND 00/100 DOLLARS ($87,000.00), plus interest thereon (the "Loan"). The Loan is evidenced by that certain promissory note dated November 27, 2007, executed and delivered by Plaintiff to Guaranteed Rate (the "Note").

In connection with the same transaction, Plaintiff executed and delivered to MERS, as nominee for Guaranteed Rate that certain Security Deed dated November 27, 2007, recorded November 30, 2007, in Deed Book 801, Page 680, Pickens County, Georgia Records (the "Security Deed"), conveying that certain real property, together with improvements thereon, commonly known as 2691

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Defendants' Motion to Dismiss.

Tamarack Drive, Jasper, Pickens County, Georgia 30143 (the "Property") to MERS, as nominee for Guaranteed Rate as security for repayment of the Loan.

As evidenced by that certain signed endorsement appearing on the face of the Note, the Note was subsequently transferred to Taylor, Bean & Whitaker Mortgage Corporation ("TBW"). <u>See</u> Note at 3. The Note was last transferred to Ocwen. The Security Deed was last transferred by MERS, as nominee for Guaranteed Rate to Ocwen as evidenced by that certain Assignment of Deed to Secure Debt dated December 17, 2009, recorded July 21, 2010, in Deed Book 898, Page 656, Pickens County, Georgia Records (the "Assignment").

As a result of Plaintiff's default in making his monthly mortgage payments pursuant to the terms of the Note and the Security Deed, Ocwen declared the entire outstanding balance due under the Loan immediately due and payable and provided notice of same to Plaintiff.

Ocwen retained the law firm of Weissman Nowack Curry & Wilco, P.C. (the "Foreclosure Counsel") to conduct a non-judicial foreclosure sale of the Property pursuant to the "power of sale" provision in the Security Deed. The foreclosure sale of the Property was scheduled for November 2, 2010.

Plaintiff initiated this civil action on November 1, 2010 by filing (1) the Complaint (Docket No. 1); (2) a "Request for Temporary Restraining Order" (the "Request for TRO") (Docket No. 3); (3) a "Notice of Motion for Immediate Order

for Preliminary Injunction" (Docket No. 4); (4) a "Motion for Immediate Order for Preliminary Injunction" (the "Motion for Injunction") (Docket No. 5); and (5) a "Memorandum in Support of Petitioner-Plaintiff's Request for Temporary Restraining Order and for Petitioner-Plaintiff's Motion for Immediate Order for Preliminary Injunction" (the "Memorandum in Support of Request for TRO and Motion for Injunction") (Docket No. 6). In both the Request for TRO and the Motion for Injunction, Plaintiff requested that this Court enter an Order enjoining Ocwen from conducting the foreclosure sale scheduled for November 2, 2010. See Docket Nos. 3 & 5.

On November 2, 2010, this Court entered an *ex parte* Order granting Plaintiff's Request for TRO and Motion for Injunction and enjoining Ocwen from proceeding with the scheduled foreclosure. See Docket No. 8. On November 3, 2010, this Court entered a Notice to all parties that a hearing on the Request for TRO and the Motion for Injunction would be held on November 9, 2010. See Docket No. 10.

On November 9, 2010, Plaintiff filed (1) an "Affidavit of Petitioner-Plaintiff in Support of Petitioner-Plaintiff's Motion for Immediate Order for Preliminary Injunction" (Docket No. 11), and (2) an "Affidavit of Service" wherein Plaintiff states that he served Ocwen on November 1, 2010 with the Complaint, the Request for TRO, the Motion for Injunction, the Memorandum in Support of Request for

TRO and Motion for Injunction, and a proposed Order by "personal delivery" the Foreclosure Counsel's receptionist (the "Affidavit of Service") (Docket No. 12).

On November 9, 2010, this Court held a hearing on the Request for TRO and the Motion for Injunction (the "TRO Hearing"). At the TRO Hearing, Ocwen's counsel advised the Court and Plaintiff that the foreclosure sale scheduled for November 2, 2010 did not go forward and this Court found that the Request for TRO and the Motion for Injunction were moot and requested that Ocwen's counsel prepare and submit a proposed Order reflecting the Court's ruling. See Docket No. 13.

On November 22, 2010, Defendants filed their Motion to Dismiss (Docket No. 15). Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss on December 9, 2010 (Docket No. 21). Defendants filed their Reply in Support of their Motion to Dismiss on December 22, 2010 (Docket No. 24).

  (c) The legal issues to be tried are as follows:

    (1) Whether Plaintiff is entitled to the relief requested in the Complaint; and

    (2) Damages.

  (b) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

2. **This case is complex because it possess one (1) or more of the features listed below:**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or action by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof

Defendants contend that the case is not complex.

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Defendants: Kent E. Altom, Esq.

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

\_\_\_\_ Yes      \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, indentify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

Defendants assert that no amendments to the pleadings will be necessary.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* Within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Defendants do no object that initial disclosures are appropriate.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

Defendants assert that no scheduling conference is required.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Defendants assert that discovery is not needed because this civil action can be disposed of on Defendants' Motion to Dismiss, which is currently pending before this Court. In the event that this Court denies Defendants' Motion to Dismiss, Defendants believe that a four (4) month discovery track is appropriate.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Defendants do not anticipate that additional time will be needed.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Defendants assert that the limitations set forth in Rule 26 of Fed. R. Civ. P. are sufficient.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on _____, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): _____

For defendants: Lead counsel (signature): _____

Counsel for Defendants asserts that they have attempted to contact Plaintiff on multiple occasions, by email and by phone, in order to hold the Rule 26(f) conference. To date, these attempts have been unsuccessful.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(__X__) No possibility of settlement.

(a) Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is unknown at present.

None scheduled at this time.

(d) The following specific problems have created a hindrance to settlement of this case.

None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

RESPECTFULLY SUBMITTED, this 22nd day of December, 2010.

**MCCALLA RAYMER, LLC**

*/s/ Kent E. Altom*
Kent E. Altom
Georgia Bar No. 014054
Meredith M. Barnes
Georgia Bar No. 633614
*Attorneys for Defendants*
*Ocwen Loan Servicing, LLC,*
*Mortgage Electronic Registration Systems,*
*Inc., and MERSCORP, Inc.*

Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)

# FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with LR 5.1(c).

This 22nd day of December, 2010.

                                      */s/ Kent E. Altom*
                                      Kent E. Altom
                                      Georgia Bar No. 633614
                                      *Attorney for Defendants*
                                      *Ocwen Loan Servicing, LLC,*
                                      *Mortgage Electronic Registration Systems,*
                                      *Inc., and MERSCORP, Inc.*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the within and foregoing DEFENDANTS' PRELIMINARY REPORT AND DISCOVERY PLAN has been sent electronically via the ECF system to registered users and by United States Mail, postage pre-paid, in a properly addressed envelope to:

>Michael L. Morgan
>110 Addison Court
>Roswell, Georgia 30075
>Plaintiff, *pro se*

This 22nd day of December, 2010.

>/s/ *Kent E. Altom*
>Kent E. Altom
>Georgia Bar No. 633614
>*Attorney for Defendants*
>*Ocwen Loan Servicing, LLC,*
>*Mortgage Electronic Registration Systems,*
>*Inc., and MERSCORP, Inc.*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)