

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. |
| | 1:10-CV-03555-TWT |
| OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND MERSCORP, INC.; | |
| Defendants. | |

## PRO SE PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) **Describe briefly the nature of this action:** This case involves a mortgage loan transaction and the attempt to foreclose based upon that mortgage loan transaction, alleging, in particular, that a purported assignment of the security deed to Defendant Ocwen Loan Servicing, LLC (hereinafter referred to as "Ocwen") is void, both because Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") did not have the authority to make such an

1

assignment, and because the execution of the purported assignment was fraudulent. It further alleges that Ocwen did not comply with notice requirements for judgment, (b) injunctive relief, (c) cancellation of deed to secure debt, (d) slander of title, (e) quiet title, (f) wrongful foreclosure, (g) intentional infliction of emotional distress, (h) negligence, and (i) Racketeer Influenced and Corrupt Organizations Act.

(b) **Summarize the facts of this case**: Plaintiff entered into a residential mortgage loan transaction with Guaranteed Rate, Inc. (hereinafter referred to as "Guaranteed Rate"), on November 27, 2007. A promissory note was granted to Guaranteed Rate, and a deed to secure debt was signed by Plaintiff, naming the grantee as MERS, as nominee for Guaranteed Rate. The persons who signed as unofficial witnesses were not present when Plaintiff signed the security deed.

The security deed was subsequently transferred several times to different parties, but these transfers did not comply with the requirements of Georgia law. The first transfer of the security deed was to Taylor, Bean & Whitaker, Inc. (hereinafter referred to as "TBW"). At that time, the promissory note was specially endorsed to TBW, which apparently still is the owner and

2

holder of the note. Subsequent transfers of the security deed were allegedly made on the MERS electronic registration system, but these transfers did not comply with Georgia law. One of the subsequent transferees of the security deed may have been the Federal Home Loan Mortgage Corporation (commonly known as "Freddie Mac"). Plaintiff also believes that the mortgage loan transaction was securitized, which would mean that it would have been transferred several additional times (in addition to the initial transfer to TBW).

The servicing rights for the mortgage loan transaction were initially transferred to TBW, which engaged in predatory servicing practices, including the failure to apply mortgage payments properly. TBW is also known to have transferred some mortgage loans multiple times.

After TBW filed for bankruptcy, the servicing rights were transferred first to Cenlar, FSB, d/b/a Central Loan Administration & Reporting ("Cenlar"). The servicing rights were later transferred to Ocwen Loan Servicing, LLC ("Ocwen"). Both Cenlar and Ocwen engage in predatory servicing practices, including failing to properly account for mortgage payments. Ocwen's predatory practices with respect to Plaintiff include forced insurance placement, when Plaintiff already had the property insured at a much lower

rate with USAA.

Plaintiff does not believe that, after the special endorsement to TBW, there were any transfers of the promissory note which complied with either the Uniform Commercial Code, as enacted by Georgia, or agreements entered into by the parties (which would include Plaintiff).

Plaintiff does not believe that the transfers of the security deed complied with Georgia law, which requires that each transfer be executed with the formality of a deed. The transfers definitely did not comply with the recording requirements of Georgia law, which requires that transfers be recorded when the originating lender does not remain the servicer of the mortgage loan transaction.

Under Georgia law, all of the transfers of the security deed would have to be duly executed and recorded, prior to any sale by foreclosure.

In the instant case, the defendants have forged a fraudulent assignment from MERS, as nominee for Guaranteed Rate, to Ocwen. This fraudulent assignment claims to transfer the security deed, at a time when neither MERS nor Guaranteed Rate had any interest whatsoever in the security deed. The fraudulent assignment also purports to transfer the promissory note, when MERS never had any interest whatsoever in the promissory note. The

4

execution of the purported assignment was also fraudulent; it was created by Ocwen, not MERS, and was not duly executed by officers of MERS nor duly notarized.

Ocwen is not a secured creditor of Plaintiff, since Ocwen has no interest whatsoever in the subject promissory note or the subject security deed, its entire claim being based on an assignment which is obviously fraudulent. Thus, Ocwen clearly has no right to pursue a foreclosure sale against Plaintiff.

(c) **The legal issues to be tried are as follows:** This case challenges the validity of the MERS claim that its electronic recording system is legally sufficient for valid transfers of mortgages, trust deeds or security deeds between MERS members. The question is not whether MERS may act as a nominee for one of its members, but whether transfers between its members must comply with the requirements of state laws governing such transfers. It also does not appear that transferees complied with the requirements of MERS itself, which requires its members to make valid assignments.

With respect to the deed to secure debt, the legal issues in this case include whether there has been compliance with the Georgia requirements (a) that all transfers of security deeds must be executed with the formality

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: _None_

(2) Previously Adjudicated Related Cases: _None_

2. This case is complex because it possesses one (1) or more of the features listed below (please check):

    ✓ (1) Unusually large number of parties
    ✓ (2) Unusually large number of claims or defenses
    ✓ (3) Factual issues are exceptionally complex
    ___ (4) Greater than normal volume of evidence
    ___ (5) Extended discovery period is needed
    ✓ (6) Problems locating or preserving evidence
    ___ (7) Pending parallel investigations or action by government
    ___ (8) Multiple use of experts
    ___ (9) Need for discovery outside United States boundaries
    ___ (10) Existence of highly technical issues and proof

3. **Counsel:**

   The following individually-named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff: _Plaintiff appears pro se (No lead counsel)._

   Defendant: _____

4. **Jurisdiction:**

   Is there any question regarding this court's jurisdiction?

   ___Yes   _X_No

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:
   _May need to add Taylor, Bean + Whitaker Mortgage Corp. and Guaranteed Rate, Inc., and Federal Home Loan Mortgage Corporation. (Others unknown)._

   (b) The following persons are improperly joined as parties:
   _None._

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   8.

_N/A_

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: _Plaintiff may amend complaint to add parties._

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

*Plaintiff has not yet received any initial disclosures from any defendant.*

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*N/A*

## 10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing

category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

_Records of MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc.; Records from Ocwen Loan Servicing, LLC; Taylor, Bean + Whitaker Mortgage Corp; and Century; original promissory note; copies of assignments of security deed; records of Freddie Mac._

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

_Reasons for need for additional time not known at this time._

11. **Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

_None_

11.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?
_None Known at this time_

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on _____, 20___, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): _____

Other participants: _____
_No conference held. Plaintiff is pro se and has no lead counsel._

For defendant: Lead counsel (signature): _____

Other participants: _____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
(____) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.

12

( X ) No possibility of settlement.

(c) Counsel(_____) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case. _Plaintiff believes it will be difficult to settle this case until after Plaintiff's Motion for Partial Summary Judgment is ruled upon. (Not yet filed.)_

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

13.

This 27th day of December 2010.

                    Respectfully submitted,

                    */s/ Michael L. Morgan*
                    MICHAEL L. MORGAN
                    Petitioner-Plaintiff
                    Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

14.

# AFFIDAVIT OF SERVICE

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the petitioner-plaintiff in the above-entitled action, and that he has served defendants Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; and Merscorp, Inc. therein with a copy of Pro Se Plaintiff's Preliminary Report and Discovery Plan by depositing a copy thereof in the United States mail, postage pre-paid, in a properly addressed envelope, on December 27, 2010, to the following address:

>Kent E. Altom, Esq.
>Meredith M. Barnes, Esq.
>McCalla Raymer, LLC
>Six Concourse Parkway
>Suite 2800
>Atlanta, Georgia 30328

_____
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

Sworn to before me,
This 27th day of December 2010.

_____
NOTARY PUBLIC
My Commission expires: 11-12-13
(SEAL)

KEVIN LAMAR ROWE
Notary Public
Fulton County
State of Georgia
My Commission Expires Nov 12, 2013