## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHAEL L. MORGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | **1:10-cv-03555-AT** |
| **OCWEN LOAN SERVICING, LLC,** | ) | |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.** | ) | |
| **AND MERSCORP, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |
| _____ | ) | |

## AFFIRMATIVE DEFENSES AND ANSWER OF DEFENDANTS

COMES NOW, OCWEN LOAN SERVICING, LLC ("Ocwen"),
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and
MERSCORP, INC. ("MERSCORP") (Ocwen, MERS and MERSCORP
collectively, "Defendants"), by and through their undersigned counsel, and file this
their Affirmative Defenses and Answer of Defendants (the "Answer") to the
"Verified Petition and Complaint" (the "Complaint") filed by MICHAEL L.
MORGAN ("Plaintiff"), Plaintiff in the above styled civil action, respectfully
showing this Honorable Court as follows:

### FIRST DEFENSE

The Complaint is barred due to lack of jurisdiction over the subject matter.

## SECOND DEFENSE

The Complaint is barred due to improper venue.

## THIRD DEFENSE

The Complaint is barred due to Plaintiff's failure to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Complaint is barred due to Plaintiff's failure to join a necessary and indispensable party.

## FIFTH DEFENSE

The Complaint is barred by the doctrines of laches and/or estoppel.

## SIXTH DEFENSE

The Complaint is barred by the doctrines of affirmation, ratification and/or waiver.

## SEVENTH DEFENSE

Plaintiff is barred from the relief sought in the Complaint because the issue of relief, in whole or in part, is moot.

## EIGHTH DEFENSE

Any damage sustained by Plaintiff was caused in whole or in part by the actions or inactions of Plaintiff or others, and not by the actions or inactions of Defendants.

## NINTH DEFENSE

The Complaint is barred due to the fact that Plaintiff failed to make all payments timely and fully as they came due pursuant to the subject note and the subject security deed.

## TENTH DEFENSE

Wells Fargo reserves the right to assert additional defenses based upon further investigation and discovery.

## ELEVENTH DEFENSE

Without waiving any rights, defenses, and objections, Wells Fargo answers the Complaint as follows:

### 1.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in the first sentence of Paragraph 1 of the Complaint and therefore, said allegations are denied. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

### 2.

Defendants admit the allegations contained in Paragraph 2 of the Complaint.

### 3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 7 of the Complaint and therefore, said allegations are denied.

8.

Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants admit only that Plaintiff executed that certain Note dated November 27, 2007 in favor of Guaranteed Rate, Inc. and that Plaintiff executed that certain Security Deed dated November 27, 2007, recorded November 30, 2007 in Deed Book 801, Page 680, Pickens County, Georgia Records, in favor of MERS as nominee for Guaranteed Rate, Inc.  The residential mortgage loan and the deed to secure debt referenced in Paragraph 9 of the Complaint are documents and, as

such, they speak for themselves. Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

### 10.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 10 of the Complaint and therefore, said allegations are denied.

### 11.

Defendants admit only that Plaintiff executed that certain Note dated November 27, 2007 in favor of Guaranteed Rate, Inc. and that Plaintiff executed that certain Security Deed dated November 27, 2007, recorded November 30, 2007 in Deed Book 801, Page 680, Pickens County, Georgia Records, in favor of MERS as nominee for Guaranteed Rate, Inc. The promissory note referenced in Paragraph 11 of the Complaint is a document and, as such, speaks for itself. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

### 12.

Defendants admit only that Plaintiff executed that certain Note dated November 27, 2007 in favor of Guaranteed Rate, Inc. and that Plaintiff executed that certain Security Deed dated November 27, 2007, recorded November 30, 2007 in Deed Book 801, Page 680, Pickens County, Georgia Records, in favor of MERS

as nominee for Guaranteed Rate, Inc. The deed to secure debt referenced in Paragraph 12 of the Complaint is a document and, as such, speaks for itself. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13.

The deed to secure debt referenced in Paragraph 13 of the Complaint is a document and, as such, speaks for itself.

14.

Defendants admit only that the subject promissory note and the subject security deed were transferred to Taylor, Bean & Whitaker. The remaining allegations in Paragraph 14 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

15.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 15 of the Complaint and therefore, said allegations are denied.

16.

Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations regarding Guaranteed Rate or Taylor, Bean & Whitaker

contained Paragraph 16 of the Complaint and therefore, said allegations are denied. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

## 17.

Defendants admit only that Taylor, Bean & Whitaker was the holder of the subject promissory note after said note was transferred from Guaranteed Rate, Inc. and that the subject promissory note was subsequently transferred to Ocwen. The remaining allegations in Paragraph 17 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

## 18.

The allegations in Paragraph 18 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

## 19.

The allegations in Paragraph 19 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

20.

The allegations in Paragraph 20 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

21.

The allegations in Paragraph 21 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

22.

Defendants admit that Taylor, Bean & Whitaker never recorded any document regarding the subject property in the real estate records of Pickens County, Georgia. The remaining allegations in Paragraph 22 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

23.

Defendants admit only that the subject promissory note and security deed were transferred to Ocwen. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.

Defendants admit only that the subject promissory note and security deed were transferred to Ocwen. Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations contained Paragraph 24 of the Complaint and therefore, said allegations are denied.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants lack sufficient knowledge or information to either admit or deny the remaining allegations contained Paragraph 26 of the Complaint and therefore, said allegations are denied.

27.

Defendants lack sufficient knowledge or information to either admit or deny the allegations regarding whether Plaintiff expected to receive the notice or whether Plaintiff received the notice contained Paragraph 27 of the Complaint and therefore, said allegations are denied. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 28 of the Complaint and therefore, said allegations are denied.

29.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 29 of the Complaint and therefore, said allegations are denied.

30.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in the first Paragraph marked "30" in the Complaint and therefore, said allegations are denied.

31.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in the second Paragraph marked "30" in the Complaint and therefore, said allegations are denied.

32.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained Paragraph 31 of the Complaint and therefore, said allegations are denied.

33.

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

34.

The allegations in Paragraph 33 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

35.

The allegations in Paragraph 34 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

36.

The allegations in Paragraph 35 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

37.

The allegations in Paragraph 36 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

38.

Defendants restate the foregoing Paragraphs 1 through 37 as if fully set forth herein as their response to the allegations contained in Paragraph 37 of the Complaint.

39.

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

40.

Defendants deny the allegations contained in Paragraph 39 of the Complaint.

41.

Defendants restate the foregoing Paragraphs 1 through 40 as if fully set forth herein as their response to the allegations contained in Paragraph 40 of the Complaint.

42.

Defendants deny the allegations contained in Paragraph 41 of the Complaint.

43.

Defendants deny the allegations contained in Paragraph 42 of the Complaint.

44.

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

45.

Defendants restate the foregoing Paragraphs 1 through 44 as if fully set forth herein as their response to the allegations contained in Paragraph 44 of the Complaint.

46.

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

47.

Defendants deny the allegations contained in Paragraph 46 of the Complaint.

48.

Defendants deny the allegations contained in Paragraph 47 of the Complaint.

49.

Defendants deny the allegations contained in Paragraph 48 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

51.

Defendants restate the foregoing Paragraphs 1 through 50 as if fully set forth herein as their response to the allegations contained in Paragraph 50 of the Complaint.

52.

Defendants deny the allegations contained in Paragraph 51 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

54.

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

55.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

56.

Defendants deny the allegations contained in Paragraph 55of the Complaint.

57.

Defendants restate the foregoing Paragraphs 1 through 56 as if fully set forth herein as their response to the allegations contained in Paragraph 56 of the Complaint.

58.

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

59.

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

61.

Defendants restate the foregoing Paragraphs 1 through 60 as if fully set forth herein as their response to the allegations contained in Paragraph 60 of the Complaint.

62.

Defendants admit the allegations contained in Paragraph 61 of the Complaint.

63.

Defendants lack sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 62 of the Complaint and therefore, said allegations are denied.

64.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

66.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

67.

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

68.

Defendants restate the foregoing Paragraphs 1 through 67 as if fully set forth herein as their response to the allegations contained in Paragraph 67 of the Complaint.

69.

Defendants deny the allegations contained in Paragraph 68 of the Complaint.

70.

Defendants deny the allegations contained in Paragraph 69 of the Complaint.

71.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

72.

Defendants restate the foregoing Paragraphs 1 through 71 as if fully set forth herein as their response to the allegations contained in Paragraph 71 of the Complaint.

73.

The allegations in Paragraph 72 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

74.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

75.

Defendants deny the allegations contained in Paragraph 74 of the Complaint and in each and every subpart contained therein.

76.

The allegations in Paragraph 75 consist of legal conclusion and do not require a response; however, to the extent said allegations are deemed to require a response, said allegations are denied.

77.

Defendants deny the allegations contained in Paragraph 76 of the Complaint.

78.

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

79.

Defendants restate the foregoing Paragraphs 1 through 78 as if fully set forth herein as their response to the allegations contained in Paragraph 78 of the Complaint.

80.

Defendants deny the allegations contained in Paragraph 79 of the Complaint.

81.

Defendants deny the allegations contained in Paragraph 80 of the Complaint and in each and every subpart contained therein.

82.

Defendants deny the allegations contained in Paragraph 81 of the Complaint.

83.

Defendants deny the allegations contained in Paragraph 82 of the Complaint.

84.

Defendants deny any allegation contained in the Complaint that is not specifically admitted herein.

85.

Defendants deny that Plaintiff is entitled to any relief from this Court including the relief that Plaintiff requests in the Complaint as well as any other relief.

WHEREFORE, having fully answered the Complaint, Defendants pray that this Honorable Court will:

(A)   Dismiss the Complaint with prejudice;

(B)   Deny Plaintiff's prayer for relief;

(C)   Charge all costs against Plaintiff; and

(D)   Grant such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED, this 21st day of July, 2011.

**MCCALLA RAYMER, LLC**

*/s/ Kent E. Altom*
Kent E. Altom
Georgia Bar No. 014054
Meredith M. Barnes
Georgia Bar No. 633614
*Attorneys for Defendants*
*Ocwen Loan Servicing, LLC,*
*Mortgage Electronic Registration Systems,*
*Inc., and MERSCORP, Inc.*

Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman 14-point font in accordance with LR 5.1(c).

This 21st day of July, 2011.

/s/ *Kent E. Altom*
Kent E. Altom
Georgia Bar No. 633614
*Attorney for Defendants*
*Ocwen Loan Servicing, LLC,*
*Mortgage Electronic Registration Systems,*
*Inc., and MERSCORP, Inc.*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the within and foregoing AFFIRMATIVE DEFENSES AND ANSWER OF DEFENDANTS has been sent electronically via the ECF system to registered users and by United States Mail, postage pre-paid, in a properly addressed envelope to:

> Michael L. Morgan
> 110 Addison Court
> Roswell, Georgia 30075
> Plaintiff *pro se*

This 21st day of July, 2011.

> /s/ *Kent E. Altom*
> Kent E. Altom
> Georgia Bar No. 633614
> *Attorney for Defendants*
> *Ocwen Loan Servicing, LLC,*
> *Mortgage Electronic Registration Systems,*
> *Inc., and MERSCORP, Inc.*

MCCALLA RAYMER, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328
(678) 281-6450 (phone)
(678) 277-4924 (fax)
kea@mccallaraymer.com (email)