ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C - Atlanta

SEP 13 2011

By: /s/ JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MICHAEL L. MORGAN** | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE NO. |
| vs. | : |
| | : 1:10-CV-03555-AT |
| | : |
| OCWEN LOAN SERVICING, LLC; | : |
| MORTGAGE ELECTRONIC | : |
| REGISTRATION SYSTEMS, INC.; | : |
| AND MERSCORP, INC.; | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S EMERGENCY MOTION FOR CONTINUANCE OF SETTLEMENT CONFERENCE AND MOTION FOR CLARIFICATION REGARDING COURT'S ORDER REQUIRING PLAINTIFF TO SUBMIT LOAN MODIFICATION DOCUMENTS AND BRIEF IN SUPPORT OF SAID MOTIONS

COMES NOW, MICHAEL L. MORGAN, the plaintiff in the above-entitled action (hereinafter referred to as "Plaintiff"), and hereby moves this Honorable Court for an order continuing the settlement conference currently scheduled for September 15, 2011, and hereby moves this Honorable Court for an Order which clarifies whether Plaintiff should be required to submit loan modification documents to the defendants, after Defendant Ocwen Loan

1

Servicing, LLC (hereinafter referred to as "Ocwen"), has already wrongfully foreclosed against Plaintiff's real property (hereinafter referred to as the "Property").

In support of said motions, Plaintiff respectfully shows this Honorable Court the following:

1.

This action now involves not only the **attempted** wrongful foreclosure in October 2010, but an **actual** wrongful foreclosure in January 2011. It also involves forcible entry into the Property, as well as the wrongful removal and apparent disposal of personal property belonging to Plaintiff, his spouse, and their children. Thus, in addition to the other causes of action already set forth in the Complaint which are still pending, additional causes of action could be set forth in an amended complaint. Furthermore, the wrongful and egregious actions taken by Ocwen while this action was pending have exacerbated the damages suffered by Plaintiff.

2.

While this action was pending and while the Preliminary Injunction issued by the Honorable Thomas W. Thrash, Jr., was still in full force and effect, Ocwen willfully initiated a second foreclosure action by sending a

second foreclosure notice to Plaintiff and by placing a second foreclosure advertisement in the Pickens County Progress during the month of December 2010.

3.

On January 3, 2011, the day before the established foreclosure sale date in Georgia, Judge Thrash issued an order dissolving the Preliminary Injunction. On the following day, January 4, 2011, Ocwen wrongfully foreclosed against the Property. On information and belief, this second foreclosure action was initiated and prosecuted without the knowledge or consent of Judge Thrash.

4.

Ocwen clearly was not entitled to foreclose against the Property, because Ocwen was not the holder of the subject promissory note, and thus was not a secured creditor.

5.

Ocwen subsequently transferred the Property to the Federal Home Loan Mortgage Corporation (l"Freddie Mac"), falsely claiming to be a duly appointed attorney in fact for Plaintiff. A Deed Under Power was filed in Pickens County, Georgia, records, on March 14, 2011. A true and correct copy of said Deed Under Power is attached hereto as Exhibit A.

6.

On information and belief, the purchase was made by a credit bid for $75,000 on Januauary 4, 2011, and the foreclosure deed was filed on March 14, 2011. The Property was subsequently listed on March 25, 2011 with a real estate agent from Sunrise ERA Realty for $34,900. (This listing was subsequently removed, but Plaintiff does not know if that was due to a pending sale or contract.)

7.

On July 26, 2011, Defendants (Ocwen, Mortgage Electronic Registration Systems, Inc., and Merscorp, Inc.) filed an Answer to the Complaint; said answer did not disclose the fact that Ocwen had already wrongfully foreclosed against the Property, that Ocwen had forcibly entered the Property, or that personal property belonging to Plaintiff, his spouse, and their children had been wrongfully removed from the Property.

8.

Plaintiff was never served with any action for eviction and only recently learned that someone, apparently Ocwen's vendors, had broken into the Property and had stolen its contents. Plaintiff discovered this when he viewed photographs on a website which showed that the rooms were empty.

(The Property is located in a gate-guarded community where only homeowners or tenants have access.)

9.

This Court issued a Mediation Order, and on August 15, 2011, the defendants filed a motion to amend the Mediation Order. In said motion, the defendants did not advise the Court that Ocwen had already wrongfully foreclosed against the Property and that modification was inappropriate.

10.

On information and belief, Meredith B. Barnes, Esq., co-counsel for Defendants, had a telephone conversation with a member of the Judge Totenberg's staff prior to filing motion to amend the Mediation Order. On information and belief, Ms. Barnes did not inform the staff member that Ocwen had already foreclosed against the Property nor that Ocwen's vendors had broken into the Property and had stolen its contents.

11.

This Court issued an Order, dated August 16, 2011, amending the original Mediation Order and requiring that mediation should be scheduled and completed in this case by October 15, 2011.

12.

The mediation is currently scheduled for September 15, 2011.

13.

The aforesaid Order requires Defendants to bring to the mediation a representative "who shall have full authority to negotiate, amend, and modify all terms of the mortgage." On information and belief, such a representative can only be appointed by a secured creditor of Plaintiff. None of the defendants is a secured creditor, and none of the defendants has been appointed by a secured creditor of Plaintiff. Furthermore, since Ocwen has already wrongfully foreclosed against the Property, there is no mortgage loan to "modify."

14.

Said Order required defendants to provide "a list of all documentation needed to consider Plaintiff for a loan modification and any other potential settlement options," but did not require Plaintiff to submit an application for loan modification, which Plaintiff respectfully submits would be inappropriate under the circumstances.

15.

Instead of submitting a list of required documentation required to consider

loan modification, Defendants' counsel sent an application for modification to be completed by Plaintiff and submitted to Ocwen. Based on the evidence submitted to the Court by defendants, it appears obvious that Ocwen was not appointed by the secured creditor (Taylor, Bean & Whitaker).

16.

It was disingenuous on the part of Defendants' counsel to send an application for a loan modification to Plaintiff, when Defendant's counsel know full well that their client had already wrongfully foreclosed against Plaintiff. Defendants' counsel also should have informed the Court that Ocwen had wrongfully foreclosed against Plaintiff in January.

17.

The Mediation Order required Plaintiff to provide the requested documentation to Defendants' counsel no later than ten days prior to the mediation. (This was a change from the original order, which only required delivery five days prior to the mediation.)

18.

Said Order also refers to "any other potential settlement options," and Magistrate Linda T. Walker also issued an order requiring a settlement offer and a response, prior to the mediation.

19.

Defendants' counsel are well aware of the fact that potential settlement options would include the payment of damages, both actual and punitive, for wrongful foreclosure and other causes of action set forth in the Complaint, but they made no settlement offer for payment of damages.

20.

Defendants' counsel are also aware of the fact that Plaintiff claims to be entitled to treble damages under the R.I.C.O. statute, but they have made no settlement offer with respect to the same. On information and belief, the actions of Ocwen constitute forgery under Georgia law, this action constitutes a predicate act under the R.I.C.O statute, and Ocwen has committed this forgery thousands of times in the state of Georgia.

21.

On information and belief, Plaintiff is entitled to elect what remedy he desires to pursue. Plaintiff is entitled to pursue an award of damages against Defendants and should not be required to submit an application to Ocwen for modification of a mortgage.

22.

Plaintiff respectfully submits these Motions to this Honorable Court and

apologizes for not having submitted these motions earlier, yet hopes that the Court understands that Plaintiff, as a pro se litigant, was hesitant to approach the Court at all, fearing that his actions might be deemed inappropriate. Ultimately, Plaintiff decided that he must inform the Court about the critical change in circumstances of this matter, because continuing with a mediation based upon modification is only a charade which wastes the time and resources of this Court and the Magistrate. Frankly, Plaintiff believes that Defendants' counsel, as officers of the court, had an obligation to disclose these matters to the Court and was hoping that they would have done the right thing by now.

## **CONCLUSION**

For all the reasons stated above, Plaintiff respectfully requests that this Honorable Court issue an Order, granting the following relief:

(a) That the mediation currently scheduled for September 15, 2011, be continued to a later date;

(b) That any requirements for mediation be clarified, including a determination whether it is appropriate to require mediation at the present time;

(c) That, if the Court determines that mediation is still necessary and

appropriate, Defendants be required to make a reasonable settlement offer to Plaintiff for payment of damages—actual, punitive and treble—at least 30 days before the mediation date;

(d) That Plaintiff not be required to submit an application for modification to Ocwen or any other defendant herein; and

(e) Such other and further relief as the Court deems appropriate.

This 13th day of September 2011.

Respectfully submitted,

MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

## **VERIFICATION**

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the petitioner-plaintiff in the above-entitled action, that he prepared and has read the foregoing Plaintiff's Emergency Motion for Continuance of Settlement Conference, Motion for Clarification Regarding Court's Order Requiring Plaintiff to Submit Modification Documents, and Brief in Support of Said Motions; that the facts alleged therein that are based on personal knowledge are true and correct, and that he believes that any facts alleged therein on information and belief are true.

Further affiant sayeth not.

This 13th day of September 2011.

                          */s/ Michael L. Morgan*
                          MICHAEL L. MORGAN
                          Petitioner-Plaintiff
                          Pro se

Sworn to before me,
This 13th day of September 2011.

*/s/ Carol K Creasy*
NOTARY PUBLIC
My Commission expires
(SEAL)

CAROL K CREASY
Notary Public
Cobb County
State of Georgia
My Commission Expires Oct 17, 2011

# AFFIDAVIT OF SERVICE

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the petitioner-plaintiff in the above-entitled action, and that he has served defendants Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; and Merscorp, Inc. therein with a copy of Plaintiff's Emergency Motion for Continuance of Settlement Conference, Motion for Clarification Regarding Court's Order Requiring Plaintiff to Submit Modification Documents, and Brief in Support of Said Motions by personal delivery of a copy thereof on September 13, 2011, to the following address:  *Left with receptionist in building lobby. No access to 26th Floor allowed, and no one would come down from McCalla Raymer to accept a copy of the motions and brief.*

Kent E. Altom, Esq.
Meredith M. Barnes, Esq.
McCalla Raymer, LLC
Six Concourse Parkway
Suite 2800
Atlanta, Georgia 30328

Plaintiff also sent copies of said motions and brief to the following e-mail address: kea@mccallaraymer(dot)com and mmb@mccallaraymer(dot)com.

13

This 13th day of September 2011.

*(signature)*
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

Sworn to before me,
This 13th day of September 2011.

*(signature)*
NOTARY PUBLIC
My Commission expires:
(SEAL)

CAROL K CREASY
Notary Public
Cobb County
State of Georgia
My Commission Expires Oct 17, 2011