IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION |
| | : FILE NO. 1:10-cv-03555-AT |
| OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; | : |
| Defendants. | : |

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to LR 56(B)(2)(b), Plaintiff hereby submits his statement of additional material facts which present genuine issues for trial.

1. Ocwen is not the secured creditor for Plaintiff's mortgage. (Pl. Aff., Exhibits A thru H)

2. Freddie Mac is the secured creditor for Plaintiff's mortgage. (Pl. Aff., Exhibits A thru H)

3. Ocwen did not have full authority to negotiate, amend, or modify the terms of the mortgage. (Pl. Aff., Exhibits A thru H)

1

4. The notices of foreclosure sale were sent by Ocwen. (Pl. Aff., Exhibits Q and R)

5. The notices of foreclosure sale stated that Ocwen was the entity that had full authority to negotiate, amend, or modify the terms of the mortgage. (Pl. Aff., Exhibits Q and R)

6. The assignment from MERS, as nominee for Guaranteed Rate, to Ocwen is not valid. (Pl. Aff., Exhibit J)

7. Servicing rights were assigned to Ocwen on December 17, 2009. (Pl. Aff., Exhibit I)

8. When Plaintiff executed the promissory note at closing (first version), he initialed pages 1 and 2 of the original note. (Pl. Aff., Exhibit L)

9. None of the versions of the Note produced by Defendants, including the alleged original copy of the Note had any initials on pages 1 or 2. (Pl. Aff., Exhibits M thru P)

10. The version of the Note produced in November 2010 as an exhibit to Defendants' Motion to Dismiss (second version) had an endorsement in blank from TBW on the lower left-hand side of the signature page and did not have any allonge. (Pl. Aff., Exhibit M)

11. The next version of the Note produced by Defendants in January

2

2012 (third version) added an allonge to the previous version of the note. (Pl. Aff., Exhibit N)

12. On the next version of the Note produced by Defendants in January 2012 (fourth version), the endorsement in blank by TBW on the lower left-hand side of the signature page has been crossed out and the word "VOID" has been written over it. (Pl. Aff., Exhibit O)

13. On the fourth version of the Note (where the endorsement was voided), there is a new endorsement stamp by TBW. (Pl. Aff., Exhibit O)

14. On the fourth version of the Note (where the endorsement was voided), Ocwen's name has been handwritten on the new endorsement. (Pl. Aff., Exhibit O)

15. There are no initials on the alleged original note (fifth version) which Defendants produced for inspection and copying in March 2012. (Pl. Aff., Exhibit P)

16. On the alleged original note, a new loan number ("71495386") has been added. (Pl. Aff., Exhibit P)

17. The Freddie Mac loan number for Plaintiff's mortgage is "71495386." (Pl. Aff., Exhibit A and B)

18. The envelope for the foreclosure notice letter mailed to the property

address in Bent Tree for the foreclosure sale date in January 2011 did not have an official postmark. (Pl. Aff., Exhibit Q)

19. The envelope for the foreclosure notice letter mailed to the correct address in Roswell County for the foreclosure sale date in January 2011 did not have an official postmark. (Pl. Aff., Exhibit R)

20. Mercorp controls MERS.

21. MERS gave Ocwen authority to execute documents, including assignments, without any supervision.

22. Ocwen created the assignment dated June 24, 2010, for purposes of foreclosure. (Pl. Aff., Exhibit J)

23. Freddie Mac was the secured creditor when the assignment was executed. (Pl. Aff., Exhibit A, B and J)

24. Ocwen (with authorization from MERS) assigned the security deed to itself, when it was not Plaintiff's secured creditor. (Pl. Aff., Exhibit J)

25. Freddie Mac purchased the property at the foreclosure sale. (Pl. Aff., Exhibit K)

26. Under the deed under power, the property was granted to Freddie Mac. (Pl. Aff., Exhibit K)

This 17th day of May 2012.

Respectfully submitted,

*/s/ Michael L. Morgan*
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

## AFFIDAVIT OF SERVICE

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the plaintiff in above-entitled action, and that he served Defendants therein with a copy of the foregoing Plaintiff's Statement of Additional Material Facts on May 17, 2012, by depositing a copy of the same in the United States mail, with sufficient postage attached thereto, addressed as follows:

> Linda S. Finley, Esq.
> Jonathan E. Green, Esq.
> Joseph R. Buller, Esq.
> Baker, Donelson, Bearman,
> Caldwell & Berkowitz, PC
> Suite 1600, Monarch Plaza
> 3414 Peachtree Rd. NE
> Atlanta, Georgia  30326

> Kent E. Altom, Esq.
> J. Thomas Howell, Jr., Esq.
> Steven J. Flynn, Esq.
> Kimberly A. Wright, Esq.
> McCalla Raymer, LLC
> Suite 2800
> Six Concourse Parkway
> Atlanta, Georgia  30328

(Signature on next page)

_____
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se


Sworn to before me,
This 17th day of May 2012.

_____
NOTARY PUBLIC
My commission expires _____
(Notary Seal)

