ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 18 2012

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| | FILE NO. 1:10-cv-03555-AT |
| OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; | |
| Defendants. | |

## AFFIDAVIT OF MICHAEL L. MORGAN

**(Submitted in Opposition to Defendant' Motion for Summary Judgment)**

Personally appeared before me, Michael L. Morgan ("Plaintiff"), who first being duly sworn, deposes and says that he is the plaintiff in the above-entitled action, and that the facts stated herein are true and correct, based upon his personal knowledge.

1. The evidence in this case shows that the Federal Home Loan Mortgage Corporation ("Freddie Mac") was Plaintiff's secured creditor from on or about January 4, 2008 (when the subject mortgage loan was transferred from Taylor, Bean & Whitaker Corp. ("TBW"), through January 4, 2011, when Ocwen Loan

1

Servicing, LLC ("Ocwen") wrongfully foreclosed against the subject property.

2. The foreclosure sale was reported to the Internal Revenue Service as a cancellation of indebtedness by Freddie Mac on a Substitute Form 1099-C, dated November 14, 2011, by Ocwen (as servicer for Freddie Mac). A true and correct copy of the Substitute Form 1099-C is attached hereto as Exhibit A. Plaintiff received this form in the mail from Ocwen.

3. There is information about the creation of the form in small print above the bar code in the upper left-hand corner of the form. This includes the date, "11/14/11," and the form, "OCW1099C," where "OCW" stands for Ocwen.

4. The telephone number on the form, "1-800-746-2936," is the main telephone number for Ocwen. It appears repeatedly on letters sent by Ocwen.

5. Other than the telephone number, all information about the creditor on the Substitute Form 1099-C identifies Freddie Mac. The creditor's name is "FREDDIE MAC." The creditor's address, "8200 Jones Branch Drive, McLean, VA 22102," is Freddie Mac's address. The creditor's federal identification number, "52-0904874," is Freddie Mac's IRS Employer Identification No.

6. The form states that Freddie Mac canceled the remaining balance on Plaintiff's debt on January 5, 2011, the day after the foreclosure sale, and that the market value of the property was $75,000."

7. The form indicates that Freddie Mac assigned the number, "485013061-71495386," to distinguish Plaintiff's account. The second half of that number, "714955386," repeatedly appears on documents throughout this case.

8. When Ocwen first took over servicing of the subject mortgage loan in December 2009, it sent a debt collection letter to Plaintiff. A true and correct copy of this letter is attached hereto as Exhibit B.

9. In the first paragraph of the debt collection letter, Ocwen identifies itself as the servicer of the loan, and Freddie Mac as the creditor. The number given in that letter for Freddie Mac's loan is "71495386."

10, On November 9, 2010, Plaintiff received an email from Ashley Foster, a legal assistant for Kent E. Altom, Esq., who represents the defendants in this case. A true and correct copy of this email is attached hereto as Exhibit C. The subject line of this email is "Ocwen/FHLMC/Morgan, Michael." "FHMLC" is commonly used to refer to Freddie Mac."

11. On November 10, 2010, Plaintiff received an email from Mr. Altom. A true and correct copy of this email is attached hereto as Exhibit D. The subject line of this email also is "Ocwen/FHLMC/Morgan, Michael."

12. During the open portion of the mediation hearing held on _____, 2011, Mr. Altom acknowledged that Plaintiff's loan was a Freddie Mac loan.

3

13. In response to discovery, Defendants provided Plaintiff a copy of the Milestones for 1001963-6800155589-8, which is a report maintained by MERS of transactions for Plaintiff's mortgage loan. "1001963-6800155589-8" is the Mortgage Identification Number ("MIN") assigned to Plaintiff's mortgage loan. A true and correct copy of this Milestones report is attached hereto as Exhibit E.

14. An entry to the Milestones report made on January 8, 2008, shows that Freddie Mac became the "New Investor," i.e., the secured creditor, on January 4, 2008. This report, which includes entries through January 19, 2012, does not include any subsequent change of investor.

15. An entry to the Milestones report made on January 5, 2010, indicates that Ocwen became the servicer for Plaintiff's loan on December 22, 2009. The report does not include any entry indicating that Ocwen ever became the "New Investor."

16. On January 29, 2012, Plaintiff searched the Mers Servicer Identification System (www.mers-servicerid.org), using a MIN search. Plaintiff inserted the MIN for his loan, "100196368001555898," which he obtained from the first page of his security deed. This returned a page which stated that the servicer for Plaintiff's loan is Ocwen Loan Servicing, LLC. This page also gave Ocwen's telephone number as "(800) 746-2936."

17. Plaintiff then inserted the individual borrower information (last name and SSN) necessary to obtain the identity of the secured creditor, which on MERS' web site is referred to as the "investor." This retuned a page indicating that the investor is the "Federal Home Loan Mortgage Corporation."

A true and correct copy of the five pages from this search is attached hereto as Exhibit F.

18. On January 29, 2012, Plaintiff also went to Freddie Mac's Self-Service Lookup on the internet, and entered his name, address, and the last four digits of his social security number. The page returned for this information stated, "Yes. Our records show that Freddie Mac is the owner of your mortgage." A true and correct copy of this search is attached hereto as Exhibit G.

19. On May 16, 2012, Plaintiff went to the official website for the Securities and Exchange Commission (www.sec.gov) to retrieve a Fork 8-K for Freddie Mac. The Form 8-K, dated May 9, 2012, confirms that Freddie Mac's IRS Employer Identification No. is "52-0904874," and its address is "8200 Jones Branch Drive, McLean, Virginia 22101." A true and correct copy of the Freddie Mac Form 8-K is attached hereto as Exhibit H.

20. On December 22, 2009, Ocwen sent another letter to Plaintiff, which was a Notice of Assignment, Sale or Transfer of Servicing Rights. A copy of this

letter is attached hereto as Exhibit I. In the first paragraph of said letter, Ocwen states that the servicing rights for the subject mortgage loan were "assigned, sold and/or transferred from Cenlar to Ocwen," effective December 17, 2009.

21. Ocwen also states in the first paragraph of the letter about the transfer of servicing rights that the "assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan." This letter is three pages long and spells out a lot of details. It consistently refers to Ocwen as being the servicer of the loan and makes no claim that Ocwen is the creditor for the loan (which would contradict the other letter which Ocwen sent to Plaintiff on the same date). The account or loan number used in this letter is the Freddie Mac loan number ("71495386").

22. A true and correct copy of the Assignment of Deed to Secure Debt, dated June 24, 2010, which purports to transfer the subject security deed to Ocwen is attached hereto as Exhibit J.

23. The purported assignment indicates in the lower left-hand corner that it was prepared by Ocwen. It claims to be made and entered into as of December 17, 2009, when servicing rights were transferred to Ocwen.

24. In the upper left-hand corner of this document the number,

"267149538673," appears. If you delete the first two digits ("26") and the last two digits ("73"), you have "71495386," the Freddie Mac loan number.

25. A true and correct copy of the Deed under Power is attached hereto as Exhibit K. According to recitals in the Deed under Power, a representative of Freddie Mac was present at the foreclosure sale on January 4, 2011; Freddie Mac submitted a bid for $75,000 at the foreclosure sale; and the property was knocked off to Freddie Mac at the foreclosure sale.

26. In the lower right-hand corner on the last page of the Deed under Power, the number, "557149538644," appears. Again, if you delete the first two digits ("55"), and the last two digits ("44"), you have Freddie Mac's loan number, "71495386."

27. A true and correct copy of the original promissory note, as of its execution by Plaintiff at closing ("First Version of Note"), is attached hereto as Exhibit L. This copy of the executed note is included in a PDF file which was emailed to Plaintiff's wife by Melissa Greven of Morris/Hardwick/Schneider LLC, the closing attorneys, on November 4, 2010.

28. The First Version of the Note shows that Pages 1 and 2 of the original promissory note were initialed by Plaintiff at closing. Plaintiff's usual and customary practice has always been to initial all pages (other than a signature page)

of important documents such as notes, contracts and mortgages. For Plaintiff, it would be rather bizarre, if he had failed to initial the first two pages of the note, but my certainty about having initialed those pages is based on having an actual copy of the original note as of the execution of the note.

29. Defendants filed a Motion to Dismiss on November 22, 2010. A true and correct copy of the version of the promissory note which was filed with that motion ("Second Version of the Note") as Exhibit "A" is attached hereto as Exhibit M. An endorsement in blank by TBW appears on the lower left-hand side of the signature page of the note. This version of the note is not initialed on pages 1 and 2.

30. All other versions of the promissory note which Defendants have produced were provided were provided to Plaintiff more than 13 months after the Motion to Dismiss was filed, more than a year after the foreclosure sale, and more than five months after Ocwen now claims to have received physical custody of the original note.

31. At the end of January, 2012, Defendants produced two new versions of the note in response to discovery. A true and correct copy of "Third Version of the Note" is attached hereto as Exhibit N. An endorsement allonge which is dated November 27, 2008 (the date of closing) has been added to Version Two of the

Note (the copy attached as an exhibit to the Motion to Dismiss). This is a specific endorsement from Guaranteed Rate to TBW. The Third Version of the Note also does not have any initials on pages 1 and 2.

32. A true and correct copy of "Fourth Version of the Note" is attached hereto as Exhibit O. On this version of the Note, the endorsement in blank by TBW which was present on both Version Two of the Note and Version Three of the Note has been crossed out, and "VOID" has been written over that endorsement. A new endorsement by TBW now appears for the first time on the lower right-hand side of the signature page, and "Ocwen Loan Servicing, LLC" has been added to an endorsement stamp in handwriting. The Fourth Version of the Note also does not have any initials on pages 1 and 2.

33. A true and correct copy of the "Alleged Original Note," i.e., the fifth version of the note which Defendants contend is the original Note in its current state is attached hereto as Exhibit P. This version also does not have the initials which Plaintiff put on the original note at closing. When produced for inspection and copying, the four pages of this version of the note had been detached from each other, and each page was in a separate protective sheet. An additional difference in this version of the note is that, for the first time, the Freddie Mac loan number ("71495386") appeared in the upper right-hand corner of the first page,

with "ols" written before it.

34. After his inspection of the Alleged Original Note, Plaintiff consulted two forensic document examiners. One of them does not take his equipment out of his laboratory, and Plaintiff could not afford the expense of having an inspection made by the other at the offices of Defendants' attorneys. Plaintiff also determined that the time, trouble, and expense was not justified under the circumstances.

35. A true and correct copy of a Georgia Fair Debt Collection Practices Act Letter, dated September 24, 2010, is attached hereto as Exhibit Q. The Freddie Mac loan number ("71495386") is on this letter. The exhibit includes a copy of the returned envelope, which shows that the letter (sent by certified mail, return receipt requested, did not have an official postmark.

36. A true and correct copy of a Notice of Foreclosure Sale Letter, dated November 24, 2010, is attached hereto as Exhibit R. This letter was sent to the undeliverable address at Bent Tree, and therefore returned. It includes a copy of the notice which was published in the Pickens Progress. The exhibit includes a copy of the returned envelope, which shows that the letter (sent by certified mail, return receipt requested, did not have an official postmark.

37. A true and correct copy of a Notice of Foreclosure Sale Letter, dated November 24, 2010, is attached hereto as Exhibit S. This letter was sent to the

Addison Court address. It includes a copy of the notice which was published in the Pickens Progress. The exhibit includes receipt showing that the letter was delivered to Plaintiff on January 3, 2011. This letter also did not have an official postmark.

38. Ocwen also fabricated two foreclosure notice letters for the purposes of litigation, which Defendants produced in response to discovery requests. Both of these letters are dated November 1, 2011, ten months after the foreclosure sale. A true and correct copy of a fabricated Notice of Foreclosure Sale Letter, dated November 1, 2011, is attached hereto as Exhibit T. This fabricated letter had the Addison Court address.

39. A true and correct copy of a second fabricated Notice of Foreclosure Sale Letter, dated November 1, 2011, is attached hereto as Exhibit U. This fabricated letter had the undeliverable address at Bent Tree.

40. When Plaintiff was deposed, Plaintiff did not admit or agree that a nominee of the subject security agreement had a power of sale, whether conditional or not. Plaintiff, at the request of the attorney deposing him, was only reading provisions of the security deed. During the course of doing so, Plaintiff did call attention to the fact that, under the terms of the security agreement itself, the purported grant of a power of sale was conditional ("if necessary or customary").

Further, affiant sayeth not.

This 17th day of May 2012.

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

_____
MICHAEL L. MORGAN

Sworn to before me,
This 17th day of May 2012.

_____
NOTARY PUBLIC
(Commission Expiration Date and Seal)

[Notary Seal: JENNIFER TROPIANO, NOTARY PUBLIC, FULTON COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 16, 2013]

# AFFIDAVIT OF SERVICE

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the plaintiff in above-entitled action, and that he served Defendants therein with a copy of the foregoing Affidavit of Michael L. Morgan (Submitted in Opposition to Defendants' Motion for Summary Judgment) on May 17, 2012, by depositing a copy of the same in the United States mail, with sufficient postage attached thereto, addressed as follows:

>Linda S. Finley, Esq.
>Jonathan E. Green, Esq.
>Joseph R. Buller, Esq.
>Baker, Donelson, Bearman,
>Caldwell & Berkowitz, PC
>Suite 1600, Monarch Plaza
>3414 Peachtree Rd. NE
>Atlanta, Georgia 30326
>
>Kent E. Altom, Esq.
>J. Thomas Howell, Jr., Esq.
>Steven J. Flynn, Esq.
>Kimberly A. Wright, Esq.
>McCalla Raymer, LLC
>Suite 2800
>Six Concourse Parkway
>Atlanta, Georgia 30328
>
>(Signature on next page)

_____
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

Sworn to before me,
This 17th day of May 2012.

_____
NOTARY PUBLIC
My commission expires _____
(Notary Seal)

