IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL L. MORGAN,           :
                                 :
     Plaintiff,               :
                                 :
     v.                    :
                                 :
OCWEN LOAN SERVICING, LLC,  :      CIVIL ACTION NO.
MORTGAGE ELECTRONIC        :      10-CV-3555-AT
REGISTRATION SYSTEM, INC.,   :
MERSCORP, INC.,             :
                                 :
     Defendants.            :

## ORDER

This is a foreclosure case. This matter is before the Court on Defendants'
Motion for Summary Judgment [Doc. 63] and Plaintiff's Motion for Hearing
[Doc. 67]. The dispositive issue here is whether the holder of a security deed who
does not also hold the promissory note can nonetheless initiate foreclosure
proceedings under Georgia law. This Court has consistently held that it cannot.
*See, e.g.*, *Stubbs v. Bank of America, et al.*, 844 F. Supp. 2d 1267 (N.D. Ga. 2012);
*Morgan v. Ocwen*, 795 F. Supp. 2d 1370 (N.D. Ga. 2011); *see also Reese, et al. v.
Provident Funding Assocs., LLP.*, 730 S.E.2d 551 (Ga. Ct. App. 2012). Chief
Judge Julie Carnes of the Northern District of Georgia, however, has recognized a
split of opinion developing within the federal court system on this issue and thus
certified this question to the Georgia Supreme Court. *You, et al. v. JPMorgan
Chase Bank, N.A., et al.*, 1:12-cv-0202-JEC-AJB (N.D. Ga. Sept. 7, 2012). As

more thoroughly explained below, resolution of the instant motion for summary judgment depends on this question.  Thus, the Court **ADMINISTRATIVELY CLOSES** this action pending the Georgia Supreme Court's decision.

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual issue is material if resolving the factual issue might change the suit's outcome under the governing law.  *Id.*  The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party.  *Id.* at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor.  *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).  The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue

for trial.  *Id.* at 324-26.  The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

## II.   FACTUAL BACKGROUND

In November, 2007, Plaintiff borrowed $87,000 from non-party Guaranteed Rate, Inc. ("Guaranteed Rate") for the purchase of a home located at 2691 Tamarack Drive in Jasper, Georgia.   (Pl.'s Resp. Defs.' Statement Undisputed Facts (Doc. 65) ¶ 2.)[1]  He executed a promissory note ("Note") in favor of Guaranteed Rate and a security deed ("Security Deed") naming Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") "as nominee" for Guaranteed Rate, as grantee of a security interest in the property. (Doc. 65 ¶ 1; Doc. 63-6 (Note); Doc. 63-7 (Security Deed).)[2]  The parties do not dispute that by 2010, Plaintiff was in default on the Note and on January 4, 2011, Ocwen conducted a non-judicial foreclosure sale of the property.[3]  The parties do dispute, however, whether Ocwen held the Note or Security Deed at the time of

---

[1] For ease of reference, the Court will refer, where possible, to the docket number and page or paragraph number of its corresponding PDF.

[2] The Note and Security Deed are attached as exhibits to Howard Handville's affidavit (Doc. 63-5), which is an exhibit to Defendants' brief in support of their motion for summary judgment (Doc. 63-1).  However, Plaintiff contends that there are five different versions of the Note that have inexplicably appeared or been submitted.  Thus, where it is material, the Court will refer to a specific version of the Note.   Otherwise, the Court refers to the Note that is attached to Handville's affidavit.

[3] In October of 2010, Ocwen published a notice of foreclosure.  (Doc. 65 ¶ 18-19.)  Ocwen's counsel sent Plaintiff a foreclosure notice dated November 24, 2010.  (*Id.* ¶ 21; Doc. 63-4 ¶ 21.)  Ocwen also published the foreclosure sale once per week for four consecutive weeks preceding the January 4, 2011 foreclosure sale.  (Doc. 65 ¶ 24.)

the foreclosure.  Thus, relying on the evidence in the record, the Court now tracks the transfer of these documents, beginning first with the Security Deed.

### A.    The Security Deed

Defendants have presented uncontroverted evidence that Owen was the holder of the Security Deed at the time of the foreclosure.   According to Defendants, MERS, the original holder of the Security Deed, assigned the Security Deed to Ocwen in June of 2010, prior to the initiation of foreclosure proceedings.[4]  (Doc. 63-4 ¶ 16.)  To support this contention, Defendants direct the Court to Exhibit D to the affidavit of Howard Handville, Loan Analyst for Ocwen.  (Doc. 63-9.)  Exhibit D is a document entitled "Assignment of Deed to Secure Debt," filed in Pickens County on July 21, 2010 and purporting to assign the security deed from MERS "as nominee for Guaranteed Rate, Inc." to Ocwen. (*Id.*)  Plaintiff does not challenge the authenticity of this document nor deny that Ocwen was the purported grantee of the Security Deed.  (*See* Morgan Aff. (Doc. 66-2) ¶ 22.)  Plaintiff also does not challenge the Security Deed's conformance to Georgia law governing the validity of such instruments.  Thus, for purposes of summary judgment, Ocwen was the holder of the Security Deed at the time of the foreclosure.

---

[4] Ocwen first came on the scene on December 21, 2009 when it became the loan servicer. (Handville Aff. (Doc. 66-2) Ex. I.)  In a letter also dated December 21, 2009, Ocwen notified Plaintiff that he had a current unpaid debt and that Ocwen intended to collect on that debt.  (*Id.* Ex. B).

**B.    The Note**

The identity of Plaintiff's Note holder at the time of foreclosure is not settled, however.   The parties agree that Guaranteed Rate, the original Note holder, assigned the Note to Taylor Bean & Whitaker Mortgage Company ("TBW") through an allonge dated November 27, 2007.[5]   (Doc. 63-6 at 4.) Defendants then contend that on December 16, 2009, the Note was assigned to Ocwen.    (Defs.' Statement Undisputed Material Facts (Doc. 63-4) ¶ 6.) Defendants principally rely on an undated endorsement of the Note to Ocwen. (Doc. 63-6 at 3).  While this endorsement appears to transfer the Note to Ocwen, it does not indicate when the transfer occurred and thus does not, by itself, support a conclusion that Ocwen held the Note at the time of the foreclosure. Moreover, Defendants provide no explanation as to why the Note they produced before discovery failed to show an endorsement to Ocwen and, more strangely, why the Note they rely on now bears an endorsement to TBW that is crossed out. Based on this evidence, a reasonable inference may be made that the Ocwen endorsement appeared only after the Court issued its Order on motion to dismiss.

Defendants also rely on an affidavit from Ocwen's Loan Analyst, Handville. (Doc. 63-5 ¶¶ 8-10.)  Handville avers that TBW "assigned its interest to Ocwen," but again does not state when this occurred.  (*Id.* ¶ 8.)  Handville then states that Ocwen has "owned the original Note" since December 16, 2009.  (Doc. 63-5 ¶¶ 8-

---

[5] An allonge is a document attached to a promissory note "for the purpose of receiving further indorsements when the original paper is filed with indorsements."  Black's Law Dictionary 88 (9th ed. 2009).

10).   This self-serving affidavit is the only document that supports Defendants' contention that Ocwen owned the Note at the time of the foreclosure.  Defendants have therefore set a low hurdle for Plaintiff to overcome to show a genuine issue of fact on this issue.

Meanwhile, Plaintiff directs the Court to several documents suggesting that Ocwen was not the holder of the Note at the time of the foreclosure.  For example, in the December 31, 2009 letter to Plaintiff, Ocwen identifies Freddie Mac as the "Creditor."  (Doc. 66-2 Ex. B.)  Similarly, a MERS document that tracks activity on Plaintiff's mortgage loan through January of 2012 indicates that Freddie Mac became the "Investor" on the loan in 2008 and shows no indication that Ocwen was ever the Note holder.  (Doc. 66-2 Ex. E.)  Finally, according to Plaintiff, Ocwen sent him a "Substitute From 1099-C" showing that his creditor, for purposes of cancelling his debt, was Freddie Mac.  (Doc. 66 at 22-23; Doc. 66-2 Ex. A.)[6]  Therefore, a genuine issue of fact exists as to whether Ocwen was the Note holder at the time of the foreclosure.

---

[6] Defendants state that the documents referencing Freddie Mac constitute inadmissible hearsay. Even if these documents were hearsay, the general rule on summary judgment is that the district court may consider such documents if they "could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999).  Here, there is no reason to believe that, if this case were to go to trial, Plaintiff would be unable to reduce these documents to admissible form.  For example, Plaintiff contends that Ocwen (a Defendant in this case) sent him the Substitute Form 1099-C showing that his creditor, for purposes of cancelling his debt, was Freddie Mac.  (Doc. 66 at 22-23.)  An opposing party's statement is not considered hearsay. Fed. R. Evid. 801(d)(2).  And because Defendants do not challenge the authenticity of this document now, there appears no reason why it would be inadmissible at trial.

## III.  ANALYSIS

Plaintiff's remaining claims against Defendants include only wrongful foreclosure and negligence.[7]  Central to both of these claims is Plaintiff's assertion that Ocwen had no authority to foreclose because Ocwen was not the secured creditor.

Georgia law authorizes the secured creditor to exercise a power of sale.  *See* O.C.G.A. §§ 44-14-162, *et seq.*[8]  This Court has previously held that only the holder of the Note is the secured creditor, and only it has the authority to exercise a power of sale.  *Morgan v. Ocwen Loan Servicing, LLC*, 759 F. Supp. 2d 1370, 1376-77 (N.D. Ga. 2011).  As mentioned, there is a genuine issue of fact as to who was holder of the Note at the time of the foreclosure.  Thus, if the Court's prior rulings stand, Defendants' summary judgment must be denied.

If, however, contrary to this Court's previous decisions, a holder of a security deed who does not also hold the note may nonetheless be considered a "secured creditor" such that it is legally authorized to initiate foreclosure

---

[7] The Court has previously dismissed Counts I, III, IV and V of Plaintiff's Complaint.  (Doc. 32.) Plaintiff has abandoned Count VII (intentional infliction of emotional distress), (Deposition of Michael Morgan (Doc. 63-2) at 155), and Count IX (civil damages under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968) (Doc. 66 at 24).  In addition, Plaintiff's claim for injunctive relief is moot as the parties have indicated that the foreclosure has occurred.  (*See* Doc. 63-1 at 8).  As Plaintiff summarizes, he is "not pursuing any claim to set aside the foreclosure deed, but seeks damages for wrongful foreclosure and negligence."  (Doc. 66 at 24.)

[8] "The security instrument or assignment thereof vesting the *secured creditor* with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."  O.C.G.A. § 44-14-162(b) (emphasis added).  "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the *secured creditor* no later than 30 days before the date of the proposed foreclosure."  O.C.G.A. § 44-14-162.2(a) (emphasis added).

proceedings, then the Court must grant summary judgment in favor of Defendants.   Indeed, Defendants have produced uncontroverted evidence supporting Defendants' assertion that Ocwen was the holder of the Security Deed at the time of the foreclosure in the form of a certified copy of the Security Deed. (Doc. 63-7.)

Plaintiff does not challenge the authenticity of this certified copy of the Security Deed and does not question its conformance to Georgia law governing the validity of security deeds.  *See Jones v. Philips*, 488 S.E.2d 692, 694 (Ga. Ct. App. 1997) ("A security deed is first of all a conveyance of land, and must meet all the standards of validity applicable to deeds generally, including the naming of a grantor and a grantee, sufficient words of conveyance or grant, a valid description of the property conveyed, proper execution and attestation, and an effective delivery." (quoting Pindar & Pindar, Ga. Real Estate Law & Procedure (4th ed.), § 21-15)).  Nor does Plaintiff allege fraud.   *See Leeds Bldg. Prods. v. Sears Mortg. Corp.*, 477 S.E.2d 565, 568 (Ga. 1996) ("[I]n the absence of fraud, a deed which, on its face, complies with all statutory requirements is entitled to be recorded, and once accepted and filed with the clerk of court for record, provides constructive notice to the world of its existence.").

Instead, Plaintiff argues that the validity of the transfer is contradicted by evidence that Freddie Mac (not Ocwen) was referred to as the "Creditor" or

"Investor" on several documents.  (*See* Doc. 65 ¶ 16.)[9]  This evidence supports a finding that Freddie Mac had a role in Plaintiff's mortgage, but does not call into question the validity of the transfer of the Security Deed.[10]   *C.f. Jones*, 488 S.E.2d at 694 (finding that a security deed is invalid if it is not delivered to the grantee or someone for him).  As Plaintiff has failed to put forth any evidence to contradict the validity of the Security Deed naming Ocwen as grantee, for purposes of summary judgment, Ocwen was the holder of the Security Deed at the time of the foreclosure.

The Georgia Supreme Court is presently deliberating on certified questions that squarely address the dispositive issue in this case: whether the holder of a security deed who is not also the holder of the note can nonetheless initiate foreclosure proceedings.  *You, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. S13Q0040 (Ga. Sept. 13, 2012).  The Court therefore administratively closes this matter pending the Georgia Supreme Court's decision and directs the Clerk to reopen the case upon such decision.

---

[9] Plaintiff actually states that the "validity of the transfer is contradicted by the evidence that Freddie Mac continued to be the *secured creditor* until January 4, 2011." (Doc. 65 at ¶ 16.)  The only such items of evidence, however, are documents referring to Freddie Mac as "Creditor" or "Investor." (*See, e.g.*, Doc. 66-2 Exs. A, B, and E.)  The Court, thus, assumes that Plaintiff is referring to these documents.

[10] In contrast, when viewed in light of Defendants' lack of evidence showing that Ocwen was the Note holder at the time of the foreclosure, (*see supra* § II.B.),  the references to Freddie Mac as "Creditor" and "Investor" provide a basis for the reasonable conclusion that Ocwen was not the holder of the Note.  *See also* Black's Law Dictionary 424 (9th ed. 2009) (defining creditor as "one to whom a debt is owed).  This Court has previously explained that a promissory note and a security deed are two separate but interrelated instruments.  *Morgan*, 795 F. Supp. 2d at 1374 (citing Frank S. Alexander, Georgia Real Estate Finance and Foreclosure Law, § 3:7 (2010-11 ed.)).  "Separation of the note and security deed creates a question of what entity would have the authority to foreclose, but does not render either instrument void."  *Id.* at 1376 (*citing Boaz v. Latson*, 580 S.E.2d 572, 578 (Ga. Ct. App. 2003), *rev'd on other grounds*, 598 S.E.2d 485, 487 (Ga. 2004) and Alexander § 3.7.)

## III.   CONCLUSION

For the foregoing reason, the Court **ADMINISTRATIVELY CLOSES** this matter pending the Georgia Supreme Court's decision in *You, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. S13Q0040 (Ga. Sept. 13, 2012).[11] The Clerk is **DIRECTED** to terminate the pending submissions in this case including Defendant's Motion for Summary Judgment [Doc. 63] and Plaintiff's Motion for Hearing [Doc. 67].

The parties are **DIRECTED** to individually file, within 10 days of the Georgia Supreme Court's issuance of its decision in *You*, a statement of no more than 5 pages addressing how this decision bears on the disposition of Defendant's Motion for Summary Judgment.  The Clerk is **DIRECTED** to re-open the case and re-submit Defendant's Motion for Summary Judgment [Doc. 63] and Plaintiff's Motion for Hearing [Doc. 67] upon the filing by either party of such statement.

**IT IS SO ORDERED** this 17th day of January, 2013.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[11] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner.