ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 30 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL L. MORGAN | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION |
| | : FILE NO. 1:10-cv-03555-AT |
| OCWEN LOAN SERVICING, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; | : |
| Defendants. | : |

**MEMORANDUM RE BEARING OF
YOU ET AL. V. JP MORGAN CHASE BANK, NA, ET AL.
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This Court has directed both parties to submit a statement of no more than five pages addressing the bearing of You et al. v. JP Morgan Chase et al., Case No. S13Q0040, Georgia Supreme Court ("You v. Chase"), by May 30, 2013.

Plaintiff respectfully submits that You v. Chase has no significant bearing on Defendants' Motion for Summary Judgment, because the parties before the Georgia Supreme Court failed to set forth relevant facts, law and arguments which would have required an opposite result in that case (at least

1

on the first certified question, which is the crucial question). Plaintiff is clearly entitled, pursuant to the due process clauses of both the federal and state constitutions, to allege the relevant facts in his case, cite the controlling law, and present arguments to this Court based upon those facts and law.

The parties in You v. Chase (and apparently most, if not all litigants in cases involving non-judicial foreclosures) have completely failed to address a number of matters. (a) First, the Georgia legislature has specifically and clearly mandated that, when the provisions of Article 3 of Chapter 14 of Title 44, relating to conveyances to secure debt, conflict with any provisions of the Georgia Uniform Commercial Code (the "Georgia UCC"), the provisions relating to conveyances to secure debt, **which include O.C.G.A. § 44-14-64(b), "shall** yield to and [are] superseded by **any provisions** of" Title 11 of the O.C.G.A., i.e., the Georgia UCC. O.C.G.A. § 11-10-103.[1]

We respectfully submit that O.C.G.A. § 11-10-103 requires that the first question certified to the Georgia Supreme Court by Judge Julie Carnes be

---

[1] We anticipate in advance that Defendants might assert a meritless argument based upon provisions of the Code of Georgia of 1933 (the "1933 Code"), as amended, which, except as otherwise specifically provided, has been specifically repealed by the state legislature. O.C.G.A. § 1-1-10(a)(1). Furthermore, even if the relevant provisions of the 1933 Code had not been specifically repealed, they would have been repealed, if in conflict with the Official Code of Georgia Annotated ("O.C.G.A."), by the general repealer, when the O.C.G.A. was adopted. O.C.G.A. § 1-1-11. Furthermore, both Article 3 of Chapter 14 of Title 44 and the Georgia UCC have the same effective date, which is November 1, 1982. O.C.G.A. § 1-1-9, i.e. O.C.G.A. 44-114-64(b) was not adopted after the current version of the Georgia UCC.

2

answered in the negative. We further respectfully submit that, if this code section had been cited by any of the parties, the Georgia Supreme Court would have followed the legislative mandate.

(b) Second, it is rather elementary, regardless of the grounds considered (for which several are applicable herein), that neither the Georgia legislature nor the Georgia Supreme Court can vitiate the law of another state. We do not here mean to infer that either the state legislature or the Georgia Supreme Court so intended. Instead, we are pointing out the fact that, in the instant action (and, in virtually all foreclosure cases, both judicial and non-judicial), Georgia law does not control the transfer of the subject promissory note when an alleged assignment of the security deed is made, because, at the time of negotiation and delivery, that note is not located in Georgia.

There is no dispute in the instant matter about the fact that the subject promissory note was not located in Georgia at the time when the alleged transfer was supposedly effected. As a consequence, even if the Georgia UCC did not trump O.C.G.A. § 44-14-64(b), that section would not apply, and could not be applied, to the subject promissory note in the instant action (nor to any other cases where negotiation and delivery of the promissory note would be controlled by the law of a different jurisdiction). Thus, the

rationale set forth by the Georgia Supreme Court in You v. Chase cannot be utilized by Defendants for purposes of their summary judgment motion.

Without limitation, the fact that the subject note was not located in Georgia at the time of the alleged transfer raises constitutional issues, conflicts of laws issues, comity issues, issues involving the intent and purposes for the adoption of uniform commercial codes by the various states, etc., etc. Due to the page limitation directed by the Court, it is not possible to address these issues adequately herein.[2]

(3) Third, as a factual matter in the instant case, after a careful examination of the promissory note and the security deed, the Court would conclude that the noteholder and the lender in the security deed are intended to be one and the same person or entity. Mortgage Electronic Registration Systems, Inc. ("MERS"), is only a nominee for the lender, its successors and assigns. As a nominee, MERS does not have any authority to assign the security deed, willy nilly, to any person or entity, but only to the successor or assign of the lender. Of necessity, in the MERS system, the mortgage (or, in Georgia, the security deed) must follow the note; i.e., it must follow the

---

[2] One of the unintended consequences of the holding in You v. Chase (due to the failure of the parties to brief and argue the issues properly) is that the decision rendered by that Honorable Court actually raises more questions than it answers. Instead of settling matters in a clear manner, after You v. Chase, there are many additional issues which must be addressed by courts, when those issues are raised by litigants.

4

person or entity that is identified in the system as the "investor." That is the only way that the MERS system can possibly work.

(d) Fourth, in the instant action, Ocwen is acting both in the capacity of assignor, as agent of MERS, and assignee; i.e., Ocwen, which has no interest whatsoever in the security deed, is assigning the security deed to itself. The law has never permitted this type of self-dealing. Furthermore, if Ocwen should now claim that it has been acting all along as the agent of Freddie Mac, the law has never permitted the same person to act as agent for the parties on both sides of a transaction.

With respect the second certified question, we respectfully opine that it was wrongly decided, but that it is of little consequence anyway. The statutory provisions, O.C.G.A. § 44-14-162 *et seq.*, still require that all non-judicial foreclosures must be brought by the secured creditor. A litigant can still allege and prove that the person or entity who sent the subject foreclosure notice was not the secured creditor when the notice was sent.

Though we would like to say more, we have run out of space. In closing, we respectfully submit that the holding of the Georgia Supreme Court in <u>You v. Chase</u> has little bearing on Defendant's Motion for Summary Judgment and is not dispositive of that motion. Furthermore, we respectfully submit

that Plaintiff should be granted leave of court to address these matters in more detail.

This 30th day of May 2013.

Respectfully submitted,

*Michael L. Morgan*
MICHAEL L. MORGAN
Petitioner-Plaintiff
Pro se

110 Addison Court
Roswell, Georgia 30075
(404) 396-2694

# AFFIDAVIT OF SERVICE

Personally appeared before me, Michael L. Morgan, who first being duly sworn, deposes and says that he is the plaintiff in above-entitled action, and that he served Defendants therein with a copy of the foregoing Plaintiff's Memorandum Re Bearing of <u>You et al. v. JP Morgan Chase Bank, NA, et al.</u> on Defendants' Motion for Summary Judgment, by depositing a copy of the same in the United States mail, with sufficient postage attached thereto, on May 30 , 2013, addressed as follows:

>Linda S. Finley, Esq.
>Jonathan E. Green, Esq.
>Joseph R. Buller, Esq.
>Baker, Donelson, Bearman,
>Caldwell & Berkowitz, PC
>Suite 1600, Monarch Plaza
>3414 Peachtree Rd. NE
>Atlanta, Georgia 30326
>
>Kent E. Altom, Esq.
>J. Thomas Howell, Jr., Esq.
>Steven J. Flynn, Esq.
>Kimberly A. Wright, Esq.
>McCalla Raymer, LLC
>Suite 2800
>Six Concourse Parkway
>Atlanta, Georgia 30328

>(Signature on next page)

                                         *Michael L. Morgan* (signature)
                                         MICHAEL L. MORGAN
                                         Petitioner-Plaintiff
                                         Pro se

Sworn to before me,
This 30th day of May 2013.

*Leslie Rose* (signature)
NOTARY PUBLIC
My commission expires  7/5/16
(Notary Seal)

[Notary Seal: LESLIE ROSE, My Commission Expires 07-05-2016, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA]