IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL L. MORGAN, | : | |
| Plaintiff, | : | |
| v. | : | |
| OCWEN LOAN SERVICING, LLC, | : | CIVIL ACTION NO. |
| MORTGAGE ELECTRONIC | : | 10-CV-3555-AT |
| REGISTRATION SYSTEM, INC., | : | |
| MERSCORP, INC., | : | |
| Defendants. | : | |

## **ORDER**

This is a foreclosure case. This matter is before the Court on Defendants' Motion for Summary Judgment [Doc. 63] and Plaintiff's Motion for Hearing [Doc. 67]. For the reasons explained below, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 63] and **DENIES** Defendants' Motion for Hearing [Doc. 67].

### I. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is material if resolving the factual issue might change the suit's

outcome under the governing law. *Id.* The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id.* at 324-26. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## II. DISCUSSION

Plaintiff lawsuit arises out of Defendant Ocwen Loan Servicing, LLC's ("Ocwen") non-judicial foreclosure sale of his property located at 2691 Tamarack Drive in Jasper, Georgia. Plaintiff's only remaining claims against Defendants

include wrongful foreclosure and negligence.[1] Central to both of these claims is Plaintiff's assertion that because Ocwen held neither the Security Deed nor the Note, it was not a secured creditor with the authority to conduct the foreclosure sale, rendering the sale void. Defendants moved for summary judgment asserting that Ocwen was the holder of both the Security Deed and the Note.

On January 17, 2013, the Court addressed Defendants' motion for summary judgment. (Doc. 76.) The Court first decided that for purposes of summary judgment, Ocwen was the holder of the Security Deed at the time of the foreclosure. (*Id.* at 4.) Indeed, Defendants have produced a certified copy of the Security Deed. (Doc. 63-7), which serves as uncontroverted evidence supporting this assertion. The Court also found that a genuine issue of fact exists as to whether Ocwen was the Note holder at the time of the foreclosure. (*Id.* at 6.) Thus, the dispositive issue in this case is whether the holder of a security deed who does not also hold the promissory note can nonetheless initiate foreclosure proceedings under Georgia law. This precise issue was, at the time of the Court's January 17, 2013 Order, pending before the Georgia Supreme Court on a certified question. *See You, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. 1:12-cv-0202-JEC-AJB (N.D. Ga. Sept. 7, 2012). Accordingly, the Court deferred ruling on

---

[1] The Court has previously dismissed Counts I, III, IV and V of Plaintiff's Complaint. (Doc. 32.) Plaintiff has abandoned Count VII (intentional infliction of emotional distress), (Deposition of Michael Morgan (Doc. 63-2) at 155), and Count IX (civil damages under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968) (Doc. 66 at 24). In addition, Plaintiff's claim for injunctive relief is moot as the parties have indicated that the foreclosure has occurred. (*See* Doc. 63-1 at 8). As Plaintiff summarizes, he is "not pursuing any claim to set aside the foreclosure deed, but seeks damages for wrongful foreclosure and negligence." (Doc. 66 at 24.)

Defendants' motions and administratively closed this case pending the Georgia Supreme Court's decision. (Doc. 76.)

On May 20, 2013, the Georgia Supreme Court decided that "current law does not require a party seeking to exercise a power of sale in a deed to secure debt to hold, in addition to the deed, the promissory note evidencing the underlying debt." *You, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. S13Q0040, slip op. at 1 (Ga. May 20, 2013). The Georgia Supreme Court decision in *You* is controlling in this matter. As the Defendants have conclusively shown that Ocwen was the holder of the Security Deed at the time of the foreclosure, Ocwen was authorized to exercise the power of sale in that deed regardless of whether it also held the promissory note. Accordingly, Plaintiff's claims for wrongful foreclosure and negligence must be dismissed.[2]

---

[2] Plaintiff filed a Notice with this Court on May 30, 2013 addressing the effect of the *You* decision on his case. (Doc. 79.) Plaintiff recognizes that O.C.G.A. § 44-14-64(b) explicitly states that the transfer of a security deed is sufficient to transfer the "indebtedness therein secured." (Doc. 79 at 2.) Plaintiff argues, however, that the UCC, which was adopted after the adoption of O.C.G.A. § 44-14-64(b), trumps this statute. Article 3 of the UCC generally provides that only the holder of an instrument is entitled to enforce the instrument. O.C.G.A. § 11-3-301; *see also* O.C.G.A. § 11-3-203 ("An instrument [such as a real estate note] is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."). But the Georgia Supreme Court explicitly rejected this argument. *You*, No. S13Q0040, slip op. at 12. Nonetheless, Plaintiff argues that the court failed to consider O.C.G.A. § 11-10-103, which states that "[t]he provisions of [, *inter alia*, Article 3 of Chapter 4 of Title 44 of the Georgia code] shall yield to and be superseded by any provisions of this title which conflict therewith."). The Court cannot presume that the Georgia Supreme Court failed to consider relevant Georgia law when rendering its decision. And although the Court finds Plaintiff's underlying argument here persuasive, the Court is bound to apply Georgia law as the Georgia Supreme Court has defined it. Plaintiff's additional arguments in his Notice (Doc. 79) do not change the Court's decision. On a final note, the decision in *You* addressed only two theories of liability for wrongful foreclosure: (1) that the foreclosing entity that holds the security deed does not also hold the note (Plaintiff's theory here) and (2) that the foreclosure notice failed to identify the secured creditor. Thus, other types of wrongful foreclosure claims not addressed in *You* persist. Plaintiff, however, has alleged no such claims.

The Court recognizes, as the Georgia Supreme Court did in *You*, that Georgia law imposes few restrictions on the foreclosure process, to the serious detriment of many homeowners and families. The cases that have come before this Court indicate that homeowners are often confused or misled in the foreclosure process. Foreclosure notices over time give shifting secured creditor and servicer information, hindering homeowner resolution of mortgage disputes with the secured creditor that possesses the true control and interest in resolution of the disputes. Mortgage company and servicer representatives additionally sometimes provide substantively conflicting information regarding payment and re-financing agreements that appear to evaporate with the initiation of foreclosure proceedings.[3] Nonetheless, the Court is bound to apply Georgia law as interpreted by Georgia's highest court. As the Georgia Supreme Court noted in *You*, the remedy for this situation ultimately lies in the hands of the Georgia General Assembly.

---

[3] *See* Press Release, Nat'l Assoc. Attorneys General, State Attorneys General, Feds Reach $25 Billion Settlement with Five Largest Mortgage Servicers on Foreclosure Wrongs, http://naag.org/state-attorneys-general-feds-reach-25-billion-settlement-with-five-largest-mortgage-servicers-on-foreclosure-wrongs.php (last visited May 31, 2013) (reporting that some mortgage services have agreed to restrict their dual tracking practice); *see also* FDIC, Supervisory Insight, Special Foreclosure Edition (May 2011), http://www.fdic.gov/regulations/examinations/supervisory/ insights/sise11/SI_SE2011.pdf (last visited May 31, 2013) (listing foreclosure "best practices" including that "[f]oreclosures should be brought in the name of the holder of the note or the party entitled to enforce the note" and a "foreclosing entity should have possession of the original note and either a recorded mortgage or a recorded valid assignment of the mortgage before initiating the foreclosure process").

### III. CONCLUSION

For the foregoing reason, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 63]. As the Court is able to decide this case absent a hearing, the Court **DENIES** Plaintiff's Motion for Hearing [Doc. 67]. No claims remain in this matter. Therefore, the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 6th day of June, 2013.

_____
**Amy Totenberg**
**United States District Judge**