IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL L. MORGAN, :
:
    Plaintiff, :
:
v. :
:
OCWEN LOAN SERVICING, LLC, : CIVIL ACTION NO.
MORTGAGE ELECTRONIC : 10-CV-3555-AT
REGISTRATION SYSTEM, INC., :
MERSCORP, INC., :
:
    Defendants. :

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment [Doc. 82] and Motion for Hearing [Doc. 83].

"Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (internal citations omitted). Rather, appropriate grounds for reconsideration include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

In its final order on Defendant's motion for summary judgment, this Court recognized that the recent case of *You, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. S13Q0040 (Ga. May 20, 2013) is controlling here. The Court held that, consistent with the decision in *You*, Plaintiff's wrongful foreclosure and negligence claims must be dismissed. (Doc. 80.) His claims are premised on Ocwen's efforts to foreclose on Plaintiff's property while holding the security deed for the property but without providing evidence that it also held the promissory note evidencing Plaintiff's loan. According to *You*, however, Ocwen, as the holder of the security deed, had the authority to foreclose. *You* thus settled the dispositive issue in this case, and Defendant is entitled to summary judgment.

Plaintiff has not presented an appropriate grounds for reconsideration. In particular, the Court rejects Plaintiff's contention that he lacked a reasonable opportunity to be heard on the bearing of the *You* opinion. Plaintiff complains that, in briefing the issues raised by *You*, he was limited in time and page length, but Plaintiff failed to previously request additional time or space to articulate his arguments. And in any case, his efforts now to make novel arguments regarding the effects of *You* (and introduce new arguments challenging the Court's previous decisions in this case) are without merit. Finally, Plaintiff asserts that the Court erred in finding that he abandoned his challenge to the validity of the assignment of the Security Deed. On the contrary, in its July 7, 2011 Order on Defendant's Motion to Dismiss, the Court rejected Plaintiff's argument that the assignment of the Security Deed was somehow invalid because of MERS role in the assignment.

2

"This argument is unsupported by Georgia law." (Doc. 32 at 10.) Plaintiff admits that he has not previously challenged the Court's decision in this regard, (Doc. 82-1 at 23), and his effort to do so now, with novel arguments, is untimely.

Nonetheless, the Court recognizes (and commends) Plaintiff for being instrumental in raising legitimate concerns regarding Georgia's non-judicial foreclosure process. As a *pro se* plaintiff navigating the turbulent waters of foreclosure law in Georgia, Plaintiff has helped forge a new understanding about Georgia foreclosure law. The Court finds many of Plaintiff's concerns valid and, as the Court has previously stated, Georgia law imposes few restrictions on the foreclosure process to the serious detriment of many homeowners or families. Nonetheless, in this case, the Court is bound to follow Georgia law as interpreted by this state's highest court. The remedy for the situation presented here ultimately lies in the hands of the Georgia General Assembly.

For the foregoing reason, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment [Doc. 82] and **DENIES** Plaintiff's Motion for Hearing [Doc. 83].

**IT IS SO ORDERED** this 8th day of August, 2013.

**Amy Totenberg**
**United States District Judge**